LEROY CROW ET AL V. THE CITY OF CORPUS CHRISTI, TEXAS.

No. A-1471. Decided March 24, 1948.
Rehearing overruled April 28, 1948.
(209 S. W., 2d Series, 922.)

*Lyman & Pittman* and *Charles G. Lyman, John J. Pichinson* and *Llody L. Davis,* all of Corpus Christi, for petitioners.

*Tillman Smith,* City Attorney, and *Tom M. Pogue,* Assistant city attorney, both of Corpus Christi, for resepondent.

MR. JUSTICE TAYLOR delivered the opinion of the Court.

This suit was instituted by LeRoy Crow (doing business as Yellow Cab Company), and C. C. Checker Cab Company, against the City of Corpus Christi, a municipal corportation, seeking to enjoin the city from collecting under city ordinances any gross receipts tax, or license fee or street rental fee, and further restraining the city from enforcing the penal and forfeiture provisions of the ordinance; and for a declaratory judgment decreeing certain provisions of the ordinances (relating to the collection of gross receipts tax, or license fee or street rental

fee) invalid. The cab companies also sought to recover fees paid, as they alleged, under duress, under ordinances alleged to be unconstitutional and void.

Upon trial without a jury (following the granting in plaintiffs' favor of the temporary injunction prayed for) the court rendered a declaratory judgment decreeing section 11 of the 1944 ordinance, and section 2 of the franchise ordinances of 1946, invalid and unenforceable in so far as the assessment, levy and collection of the taxes, or the license or street rental fee, are concerned; and perpetually enjoined the city from attempting to enforce collection of such taxes and charges, and from seeking to forfeit and cancel the franchises, permits or licenses then held by the companies (Crow and the cab company) ; and further decreed that plaintiffs, respectfully, have and recover the amounts paid the city under the invalid ordinances.

The statement of facts upon which the cause was submitted and upon which it was agreed judgment should be rendered, contained, among others, the stipulations that the cab companies had complied fully with the requirements of the ordinances with the exception of the payment of gross receipts tax, street rental fee or charge as required by their terms, and that the companies were operating under the franchises at the time of the trial. It was further stipulated that the city would seek to assess, levy and collect the taxes and rental charges as set out in the ordinance and franchises and would seek to set aside and cancel the franchises on the ground of nonpayment of the tax or street rental fee or charges, were same not paid and the city enjoined from so doing; and further in this connection that the taxes and charges were paid without any protest or notice of protest to the city, *but would not have been paid except for penal provisions contained in the ordinances;* and that such amounts as were paid under the franchise ordinances were similarly paid *but would not have been paid except for the clauses providing for cancellation for nonpayment.*

The court of civil appeals affirmed that part of the judgment of the trial court declaring the tax and fee provisions of ordinances invalid, because in conflict with the provisions of article 6698, V. A. C. S., as held in the recent case of Payne v. Massey, 145 Texas 237, 196 S. W. (2d) 493; but so reformed the trial court's judgment as to deny the companies any recovery for payments made under the ordinances. 204 S. W. (2d) 678. The theory of the court in so holding appears to have been that the cab companies made their payments voluntarily

in that they were made without protest, or any notice of protest, to the city; and that the city had received the money and paid it out for expenses of the city government.

The view is expressed in the opinion that the declaratory judgment law (Art. 2524-1 V. A. C. S.) was in full force and effect at the time the taxes were paid; and that a suit for a declaratory judgment with reference to the validity of such taxes and fees, together with a request for an injunction to prevent the city from exercising and enforcing the penal, penalties or forfeiture provisions of the ordinances pending a final hearing, would have furnished appellees an adequate remedy at law; and that since the companies are now seeking relief through this remedy there was no reason "why they should not have used it some two years previously, instead of waiting until after they had paid large sums of money to the city." In other words the court's theory was that since the companies failed to show they made their payments under what may be termed duress in law, they should not now be permitted to recover the payments made.

Writ of error was granted on the application of the companies under a contrary view, that is, under the view that they made the payments they are now seeking to recover, under duress; and further that the failure of the companies under the circumstances detailed above to invoke the declaratory judgment act was not a sufficient basis upon which to hold they did not make the payments under compulsion or duress.

■ The court of civil appeals held that a suit for a declaratory judgment, together with a request for a restraining order to prevent the city from enforcing the penal provisions of the ordinances pending final hearing, afforded the cab companies an adequate remedy which they should have employed. Such construction of the Declaratory Judgment Act implies that it provides an exclusive remedy when available, and the court cited Oakley v. Kent, 181 S. W. (2d) 919, in support of such view. We do not understand this case to hold that a declaratory action is an exclusive remedy in such cases. At any rate we cannot agree that it is. Discussion of the question is not necessary, however, as we have held since the court of civil appeals opinion in the present case was handed down, and here we reaffirm the holding, that the remedy afforded by the Declaratory Judgment Act is additional and does not supplant any existing remedy. Dodgen, Sec., et al v. Depuglio, 146 Texas 538, 209 S. W. (2d) 588; Cobb v. Harrington, 144 Texas 360, 190

S. W. (2d) 709; Artenbury v. United States Natl. Bank of Galveston, 194 S. W. (2d) 803.

We are in accord with the holding of the court of civil appeals that the sections of the ordinance requiring collection of a gross receipt tax, and license or street rental fee, respectively, are invalid. The soundness of the conclusion and the clarity of its expression by the court (on the basis of article 6698 and Payne v. Massey, supra) make it unnecessary to repeat, or add to, what is said in its opinion on this point; and since it appears that the money collected by the city under the invalid ordinances was for its own use, the remaining question to be decided is whether or not, in view of the circumstances detailed above, the payments were involuntarily made so as to allow recovery. Austin Nat. Bank, v. Sheppard, 123 Texas 272, 71 S. W. (2d) 242; National Biscuit Co. v. State, 134 Texas 293, 135 S. W. (2d) 687.

Since there appears to be no holding involving paralled facts and no exact rule as to what constitutes sufficient duress or compulsion to make the payment of an illegal tax an involuntary payment, the question is one to be determined from the particular circumstances under which the payments are made.

The early common-law doctrine of duress has been expanded (17 Am. Jur., p. 875) and many courts have adopted the modern doctrine of "business compulsion," under which "it is established that where by reason of the peculiar facts a reasonably prudent man finds that in order to preserve his property or protect his business interest it is necessary to make a payment of money which he does not owe and which in equity and good conscience the receiver should not retain, the payment may be recovered." 40 Am. Jur., p. 831. A view similar to that of "business compulsion" has been taken by our courts in cases involving the recovery of illegal taxes or fees; and "it is immaterial to the right of repayment," in the absence of statutory provisions to that effect, "whether or not an illegal tax is paid under protest." National Biscuit Co. v. State, supra; Austin Nat. Bank v. Sheppard, 123 Texas 272, 71 S. W. (2d) 242; Cooley on Taxation, Vol. 3 (4th Ed.), p. 2566.

In the Sheppard case a foreign corporation was required by the secretary of state to pay a second filing fee before it could file an amended charter. This requirement later was held invalid, and the corporation sued to recover the fee or tax paid. The court held that when the statute provides that the tax-

payer who fails to pay the tax shall forfeit his right to do business he is not required to take the risk of having the courts closed to him and his business injured while the invalidity of the tax is being adjudicated. The holding was that the company paying under such circumstances did so under implied duress, and not as a volunteer.

This rule was followed in the National Biscuit Company case in which a foreign corporation recovered judgment against the state for a permit fee paid for ten years under an unconstitutional statute containing forfeiture and penalty provisions, the Supreme Court saying:

"It is settled as the law of this state that where a legislative act by its terms visits upon a taxpayer the penalties and punishments prescribed by these acts for failure to pay an illegal tax, such taxpayer need not take the risk of incurring such penalties and punishments, while the invalidity of such taxes are being judicially ascertained, in order to preserve his rights as a taxpayer under duress." See in this connection Atchison, T. & S. F. Ry. Co. v. O'Connor, 223 U. S. 280, 56 L. Ed. 437.

■ While the cases cited and quoted from are not precisely in point, in view of the above stipulations on which the case was tried, the principles applied in those cases are applicable. The city received from the companies money to which it now appears it was not entitled and, under the circumstances detailed it would not be just for the city to continue to retain the money. It appears from the record as a whole, and is consonant with the trial court's judgment, that it was paid to the city under the pressure of the particular means employed for its collection, which were tantamount to compulsion or duress within the purview of the cases cited. It would be against good conscious for the city not to pay back to petitioners the money thus received. City v. Marshall v. Snediker, 25 Texas 460.

The judgment of the trial court was in all things correct. We therefore reverse and set aside that portion of the judgment of the court of civil appeals so reforming that judgment as to provide that no recovery be had by appellees for taxes and charges theretofore paid to the city; and judgment is here rendered so reforming the judgment of the court of civil appeals as to affirm in toto the trial court's judgment. It is so ordered.

Opinion delivered March 24, 1948.

Rehearing overruled April 28, 1948.