The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant,

v.

CRYSTAL CITY INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 04–85–00103–CV.

Court of Appeals of Texas, San Antonio.

June 30, 1986.

Rehearing Denied July 24, 1986.

Mark S. Helmke, San Antonio, for appellant.

Peter Torres, Jr., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

CADENA, Chief Justice.

Plaintiff, Prudential Insurance Company appeals from a judgment denying it recovery of taxes which it had paid to defendant, Crystal City Independent School District. We reverse the judgment and render judgment in favor of Prudential.

District's tax collector sent a statement of taxes to Prudential which indicated that the owner of land on which Prudential has a lien owed delinquent taxes for the years 1976 and 1977. Prudential mailed a check for $17,996.83, the amount of taxes shown as delinquent by the tax statement, to District's tax collector.

Prudential was unaware that, at the time it paid the taxes, litigation was pending between the mortgagor and District concerning the amount of taxes due. Prudential became aware of this litigation when it received a receipt for the $17,996.83. This receipt bore the notation, "pending on court decision." Although this litigation resulted in a final judgment that the mortgagor had paid all taxes due, District refused to return the $17,996.83 to Prudential.

Because Prudential had no knowledge of the litigation, it cannot be said that the payment made by it was a conditional payment. At the time that Prudential made the payment, an injunction had been entered against District in the pending litigation. Under the judgment in that case, District was enjoined from taking any action "calculated to persuade ... Plaintiffs or intervenors to make any payment of taxes in excess of those previously paid by them" to District. Since Prudential was neither a plaintiff nor an intervenor in that case, the statement sent by District to Prudential cannot be considered a violation of this injunction.

The payment made by Prudential was not made under implied duress, even if we accept Prudential's theory that implied duress includes "business compulsion." In *Crow v. City of Corpus Christi*, 146 Tex. 558, 209 S.W.2d 922 (1948) it was said that taxes are paid under business compulsion when a reasonably prudent person finds it necessary to pay taxes which are not owed in order to preserve his property or protect his business. Prudential's right to continue in business in no way depended on payment of the *ad valorem* taxes which District claimed were due. This case differs from the cases relied on by Prudential, such as *Crow* and *Lincoln National Life Insurance Co. v. State*, 632 S.W.2d 227 (Tex.App.—Austin 1982, writ ref'd n.r.e.), where failure to pay an occupation or franchise tax would result in a forfeiture of the right to do business. The record does not reveal that District was preparing to foreclose its tax lien, so there is no evidence of a compelling necessity to pay the taxes in question.

However, we agree with Prudential's contention that its recovery of the money paid is not precluded by the rule that a taxpayer cannot recover the amount of illegal taxes paid by him where such payment was voluntary. A payment made without full knowledge of all relevant facts

cannot be treated as a voluntary payment. *Lincoln National Life Insurance Co. v. State, supra; San Antonio Independent School District v. National Bank of Commerce of San Antonio,* 626 S.W.2d 794 (Tex.App.—San Antonio 1981, no writ). Here, Prudential had no knowledge of the fact that, as determined by the litigation in question, all taxes due on the property had been paid and, in fact, was unaware that the mortgagor was contesting the District's claim that taxes were due. Under these circumstances it cannot be said that the payment by Prudential was voluntary.

The judgment of the trial court is reversed and judgment is here rendered that Prudential Insurance Company of America recover from Crystal City Independent School District the sum of $17,996.83.