Nancy **MERRILL** d/b/a Merrill Bail Bonds, Francisco Pizana, Herman Herdon, John W. Gilmore, B.W. Hightower d/b/a Buddy Hightower Bail Bond Service, Bob Jones, L. Kirk Ragsdale, Richard Scott, Andy Garza d/b/a Andy Garza's Bail Bond Service, Gary Robbins, Lynn Robbins, Charles McCaslin, Eldon Williams, Dell Robbins, Jerry Trimble d/b/a Jerry's Bail Bond Service, Dan Wagnon d/b/a Lone Star Bail Bonds, Anita Wells d/b/a DFW Bail Bonds, Orten Sollie, Jr. d/b/a Buddy Sollie Bail Bonds, Billie G. Adams d/b/a Bill Adams Bail Bonds, Gina L. Hickman d/b/a Cash or Credit Bail Bonds, Darl Chapman d/b/a Darl Chapman Bail Bonds, Pat Davis d/b/a A–1 Bail Bonds, Rene Blue d/b/a Rene Blue Bail Bonds, Orville D. Person, Larry Pirkle d/b/a Larry Pirkle Bail Bonds, Kenneth G. Ritchey, Appellants,

v.

Don **CARPENTER**, individually and as Sheriff of Tarrant County, Texas, and Tarrant County, Texas, Appellees.

No. 2–93–014–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 16, 1993.

Rehearing Denied Jan. 19, 1994.

66

Doris A. Sipes, El Paso, for appellants.

Tim Curry, Criminal Dist. Atty., Ann Diamond, Asst. Dist. Atty., Fort Worth, for appellees.

Before HILL, C.J., and WEAVER and DAY, JJ.

## OPINION

HILL, Chief Justice.

The appellants appeal from a summary judgment that they take nothing by their suit against Tarrant County and former Sheriff Don Carpenter, both in his official and individual capacities. In that suit, the appellants sought to recover certain bail bond fees they contend were unlawfully collected, or fourfold such amount; to recover their attorney's fees; and to obtain certain declarations relative to the invalidity of the collection of the fee. They assert in four points of error that the trial court erred in granting summary judgment for the appellees.

We affirm as to Don Carpenter in both his individual and official capacities because he enjoyed the legislative immunity of the individual commissioners and was merely carrying out the order passed by the Commissioners Court of Tarrant County. We reverse and remand as to Tarrant County because we hold that while the individual commissioners enjoy legislative immunity for the assessment of the bail bond fee, the County enjoys no immunity for the assessment of unauthorized taxes or fees. We hold that we have jurisdiction of this appeal because the judgment below is final because it disposes of claims against Don Carpenter in both his official and individual capacities.

The appellants argue in point of error number four that the summary judgment below is not a final judgment because it does not dispose of their claims against Don Carpenter individually, as opposed to his status as sheriff. It is true that the judgment refers to Carpenter as "Sheriff Don Carpenter," without distinguishing between his capacity as sheriff or his individual capacity. However, the judgment is styled "Final Judgment" and states that "Defendants' Motion for Summary Judgment be, and, it is hereby, GRANTED, and Judgment is entered for Defendants that Plaintiffs take nothing by their suit against Tarrant County, Texas, and Sheriff Don Carpenter."

The motion for summary judgment was brought by the defendant "Don Carpenter," without any reference to his status as sheriff or individual. We also note that the "Final Judgment" denies all relief not specifically granted. We conclude, based upon our examination of the judgment, taken in context with the motion for summary judgment, that it is indeed a final judgment that disposes of the appellants' claims against Don Carpenter in both his individual and official capacities. *See Mafrige v. Ross,* 866 S.W.2d 590 (Tex. 1993). We overrule point of error number four.

As noted, the appellants contend in their other three points of error that the trial court erred in granting summary judgment in favor of Tarrant County and Carpenter. We must determine whether Tarrant County and Carpenter met their burden for summary judgment by establishing that there exists no genuine issue of material fact, and that they are entitled to judgment as a matter of law. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979).

Tarrant County and Carpenter urged in their motion for summary judgment that Tarrant County was collecting the bail bond fee in question under the authority of Texas Local Government Code section 118.131, which provides that the commissioners of a county may set reasonable fees to be charged for services by the offices of the sheriff and constable. *See* TEX.LOC.GOV'T CODE ANN. § 118.131(a) (Vernon 1988). They

point out that a federal challenge to such a fee had been unsuccessful, and once the fee was successfully challenged in the case of *Camacho v. Samaniego,* they stopped collecting it. *See Camacho v. Samaniego,* 831 S.W.2d 804 (Tex.1992). They contend that Tarrant County is immune from suit based upon the decision made by its commissioners court to collect the fee, even in a suit for the recovery of the fee, and that the sheriff is immune from liability for carrying out the order of the Tarrant County Commissioners Court.

■ A commissioners court in passing its orders functions in a legislative capacity and is therefore absolutely immune. *Supreme Court v. Consumers Union of the United States, Inc.,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980); *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods,* 654 F.Supp. 943, 949 (N.D.Tex.1987). An officer such as a sheriff who is required to carry out the orders of a court shares in the immunity of the ordering court. *Merritt v. Harris County,* 775 S.W.2d 17, 23 (Tex.App.—Houston [14th Dist.] 1989, writ denied). We hold that in this case the sheriff is merely carrying out his duties with respect to an order of the commissioners court. Although the commissioners were acting in their legislative capacity, rather than in a judicial capacity, we hold that the sheriff, who was merely carrying out their directives, shares in that immunity. Consequently, we hold that the trial court did not err in granting summary judgment that the appellants take nothing as to Don Carpenter, the Tarrant County Sheriff, either in his individual or his official capacity. Nothing in the cases cited by the appellees indicate that Tarrant County, as opposed to the individual commissioners, shares in the commissioners' legislative immunity.

The appellants present several reasons why the appellees are not entitled to immunity. First, they insist that the appellees are not immune from suit because the collection of the unlawful fees was a taking of their property under article I, section 17 of the Texas Constitution, constituting a waiver of governmental immunity. They rely on the case of *Steele v. City of Houston,* 603 S.W.2d 786 (Tex.1980).

■ Article I, section 17 of the Texas Constitution provides, in part, that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." TEX. CONST. art. I, § 17. As noted in *Steele,* the phrase "for or applied to public use" contained within the Constitution has been narrowed to mean damages that arise out of or as an incident to some kind of public works. *Steele,* 603 S.W.2d at 790. Consequently, we hold that the assessment of this fee by the Tarrant County Commissioners did not constitute a taking of the appellants' property within the meaning of article I, section 17, as the fees were not incident to public works. The appellants' reliance on the case of *San Antonio River Authority* is misplaced because that case did involve public works. *See San Antonio River Auth. v. Garrett Bros.,* 528 S.W.2d 266 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.).

■ The appellants argue that they are entitled to recover against former Sheriff Don Carpenter by virtue of the provisions of TEX.REV.CIV.STAT.ANN. art. 3909 (Vernon Supp.1993). That statute, written to deal with the subject of extortion, provides for the fourfold recovery of fees demanded and received by "an officer named in this title" if the officer demands and receives higher fees than are prescribed to them "in this title," or any fee not allowed "by this title."

Assuming that the sheriff is an officer named in the title, we hold, as previously noted, that the sheriff is not liable for the reasons previously stated. We also hold that the sheriff's charging of the fee authorized by the Commissioners Court of Tarrant County, based upon a statute whose wording would appear to authorize such a fee, did not constitute extortion within the meaning of article 3909. *See Hirshfield v. Fort Worth Nat'l Bank,* 83 Tex. 452, 18 S.W. 743 (1892).

The appellants acknowledge that for the legislature to waive the sovereign immunity of a governmental unit it must do so by clear

and unambiguous language. They contend that any immunity of Don Carpenter or Tarrant County was waived by article 3909 or by article I, section 17 of the Texas Constitution. As we have noted, neither the statute nor the constitutional provision cited by the appellants is applicable to the facts of this case.

The appellants' reliance on the cases of *Director of the Department of Agriculture & Environment v. Printing Industries Ass'n,* 600 S.W.2d 264 (Tex.1980), and *Texas Highway Commission v. Texas Ass'n of Steel Importers, Inc.,* 372 S.W.2d 525 (Tex.1963), is misplaced. While both cases stand for the proposition that a suit to halt an illegal and unauthorized action by state officials may be maintained because it is not an action against the State, neither is authority for the appellants' proposition that the State has waived its right not to be sued for monetary damages.

Finally, the appellants rely on the cases of *Lincoln National Life Insurance Co. v. State,* 632 S.W.2d 227 (Tex.App.—Austin 1982, writ ref'd n.r.e.) and *Austin National Bank v. Sheppard,* 123 Tex. 272, 71 S.W.2d 242 (1934). In *Lincoln National,* the court of appeals noted that the State had authorized the suit. *Lincoln Nat.,* 632 S.W.2d at 228.

■ In *Austin National,* the Commission of Appeals, in an opinion adopted by the Texas Supreme Court, acknowledged the right of a taxpayer to maintain an action to recover the payment of taxes illegally exacted even where the taxes had already been paid where the payment of the taxes was as a result of duress. *Austin Nat.,* 71 S.W.2d at 246. The court indicated that, where the failure to pay a tax would have called into question a company's right to do business in Texas, payment was under implied duress and the State would be legally liable to repay the tax. *Id.*

In this case the appellants would not have been able to do business without paying the illegally collected fee. Consequently, we hold that it was paid under duress, and the appellants are entitled to seek repayment of such fees from Tarrant County.

The County, without the citation of any authority, argues that the principle that a taxpayer may recover taxes illegally assessed where the tax is paid under duress is not applicable to this case because it is not a tax case. We are given no reason why such a collection by the County, although called a fee, is not in actuality a tax. Therefore, we hold that the appellants, who were illegally charged a fee by the County, even though in good faith, may seek to recover the amount of such fee where they may have paid the fee under duress. We sustain points of error numbers one and three as to Tarrant County and overrule them as to Don Carpenter in both his official and individual capacities.

The appellants insist in point of error number two that the trial court erred in granting summary judgment because certain affidavits attached to the motion for summary judgment were defective. We need not consider this point of error, as it relates to Tarrant County, in view of our determination of points of error numbers one and three.

■ It is undisputed that the Tarrant County Commissioners assessed the fee in question and that Sheriff Carpenter collected the fee in accordance with the order of the commissioners. For that reason, as we have held, Don Carpenter enjoys immunity in this case. The appellants contested the portion of the affidavit in which the affiant indicated that the fee was collected by Carpenter pursuant to the order of the Tarrant County Commissioners Court on the basis that the affidavit did not indicate how he had knowledge of the commissioners' order.

The affidavit reflected that the affiant had been employed with Tarrant County for over thirty years and had served as chief deputy, assistant chief deputy, acting jail administrator, and other functions, that he was familiar with the operation of the sheriff's department and the county, and that he remembered the initiation of the bail bond fee. We hold that this was sufficient to show the basis of the affiant's knowledge of the commissioners' order. Consequently, the affidavit was sufficient to support the trial court's finding of immunity on the part of Carpenter.

As to the statement that the fee was authorized by order of the Commissioners Court of Tarrant County, we hold that such statement was a statement of fact based upon personal knowledge, therefore not a conclusion and not hearsay. While it might be argued that the affiant was an interested witness, rule 166a(c) of the Texas Rules of Civil Procedure provides that such an affidavit may be that of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. The affiant's statement that the fee was authorized by the commissioners certainly met this criteria. We also note that the authorization of such a fee by the commissioners, and its collection by the sheriff, is what forms the basis of the appellants' suit against the County.

We also hold that the affiant's statements to the effect that no bondsmen expressed opposition to him about the fee, that no extortion was used to obtain the fee, and that it was only collected in good faith all appear from the affidavit to be statements of fact made by the affiant upon personal knowledge. Consequently, the appellants' argument that the affidavit was improper because it is hearsay or a legal conclusion is inappropriate. Also, as we have indicated, the statements meet the criteria for appropriate summary judgment evidence from an interested witness. Therefore, we overrule point of error number two as it relates to Don Carpenter in both his official and individual capacities.

We affirm the judgment as it relates to Don Carpenter in both his official and individual capacities. We reverse and remand as to Tarrant County. Costs are charged one-half to appellants and one-half to Tarrant County.