Don VANNERSON, Karen Vannerson, Floyd Wilson, Don Baker, Clarence M. Burkett, Gabriel Jimenez, Michael Norton, Joseph A. Valdes, Eduardo D. Delachica, Leslie Sims, Arthur Sims, Gerald P. Monks, Frank Scanlin, Claude Hazel, John Coleman, Gerald Bullin, Morris Belt, Jacqueline Skeen, William Skeen, Elsie Gilfond, James Spradlin, Richard Mackintosh, Roy Carr, Clement Romeo, John Murray and Glenn Strickland, Appellants,

v.

Johnny KLEVENHAGEN and Harris County, Texas, Appellees.

No. 01–93–00395–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 14, 1995.

Rehearing Overruled Sept. 14, 1995.

Jerry Guerinot, Mike Monks, Max L. Christenson, Roger Moore, Houston, for Appellant.

Mike Driscoll and Barbara T. Baruch, Houston, for Appellees.

Before COHEN, ANDELL and WILSON, JJ.

## OPINION ON MOTION
## FOR REHEARING

WILSON, Justice.

We overrule the motions for rehearing filed by the appellants and appellee Harris

County. However, we withdraw our opinion of August 18, 1994, and issue this opinion in its stead.

Plaintiffs, bail bondsmen, filed suit against the defendants, Sheriff Johnny Klevenhagen and Harris County, Texas. Plaintiffs challenged a bail bond processing fee levied by the Harris County Commissioners Court, and sought return of all fees paid, four times that sum as a penalty, prejudgment interest, attorney's fees, and costs of court. They appeal a summary judgment in which the trial court found the defendants were immune from suit. We affirm in part and reverse and remand in part.

### Factual and procedural background

In January 1983, the Harris County Commissioners Court levied a fee of $20 per defendant for the posting of bail bonds, to be collected by the sheriff. The effective date of the fee was February 1, 1983. The order setting the fee reflects that the commissioners court enacted the fee pursuant to former TEX.REV.CIV.STAT.ANN. art. 3926a,[1] which provided that a commissioners court could set reasonable fees to be charged for services by the offices of sheriffs and constables.

In June 1988, plaintiffs Don Vannerson, Karen Vannerson, Floyd Wilson, Don Baker, Clarence M. Burkett, Gabriel Jimenez, Michael Norton, Joseph A. Valdes, and Eduardo D. deLaChica (sometimes referred to as the original plaintiffs) filed suit against the defendants, seeking declaratory and injunctive relief, the return of all fees paid, and penalties and costs. They asserted the $20 fee was not authorized by law and sought to enjoin defendants from collecting the fee from them. In July 1988, December 1988, and March 1989, pleas in intervention were filed on behalf of Leslie Sims, Arthur Sims, Gerald P. Monks, Frank Scanlin, Claude Hazel, John Coleman, Gerald Bullin, Morris Belt, Jacqueline Skeen, William Skeen, Elsie Gilfond, James Spradlin, Richard Mackintosh, Roy Carr, Clement Romeo, John Murray and Glenn Strickland (sometimes referred to as the intervening plaintiffs).

---

1. Act of June 10, 1981, 67th Leg. R.S., ch. 379, § 1, 1981 Tex.Gen.Laws 1001, 1001 (current version at TEX.LOCAL GOV'T CODE ANN § 118.131 (Vernon 1988)).

In their answer, defendants raised the defenses of immunity, voluntary payment, limitations, and laches.

On December 19, 1988, the trial court enjoined defendants from collecting the fee from the original plaintiffs until a judgment was rendered.[2] Sheriff Klevenhagen complied with this order but continued to collect the fee from all other bondsmen, including the intervening plaintiffs.

On May 6, 1992, the Texas Supreme Court held that a preconviction bail bond filing fee levied by the El Paso County commissioners court (a fee similar to the fee imposed by the Harris County commissioners court) was not authorized by any Texas statute. *Camacho v. Samaniego*, 831 S.W.2d 804, 815 (Tex. 1992). Specifically, the Texas Supreme Court found article 3926a and its successor statute, Local Government Code article 118.131, inapplicable to criminal matters, and noted that no article of the code of criminal procedure provides that a commissioners court may levy a fee against bail bondsmen. *Id.* at 814–15.

On June 23, 1992, the Harris County commissioners court repealed its order imposing the fee, and Sheriff Klevenhagen stopped collecting the fee.

On December 17, 1992, the defendants filed their motion for summary judgment. They asserted that the requests for declaratory and injunctive relief were moot because (1) the Texas Supreme Court had determined, in *Camacho*, that the setting of a bail bond fee was not authorized by any Texas statute; and (2) the commissioners court had rescinded its order and the sheriff had stopped collecting the fee. The defendants also argued that they were immune from the claims in the plaintiffs' suit. The defendants did not assert voluntary payment, limitations, or laches in their motion for summary judgment, although they raised these issues as affirmative defenses in their response to plaintiffs' motions for partial summary judgment.

The original plaintiffs and intervening plaintiffs filed identical motions for partial summary judgment. They argued that: pursuant to *Camacho*, the bond fee was illegal; *Camacho* should be applied retroactively to allow them to recover the fees they paid; the defenses of limitations, immunity, and voluntary payment did not bar recovery; and they were entitled to a statutory penalty of four times the fees paid, as well as prejudgment interest.

On March 5, 1993, the trial court entered summary judgment in favor of the defendants. The trial court found plaintiffs' claims for declaratory and injunctive relief were moot and that "the Defendants are immune from suit in the remaining causes of action."

In November 1993, the Fort Worth Court of Appeals decided a case similar to the one before us. In *Merrill v. Carpenter*, 867 S.W.2d 65 (Tex.App.—Fort Worth 1993, writ denied), the plaintiffs, bail bondsmen, sued Tarrant County and the former Tarrant County sheriff to recover preconviction bail bond fees paid pursuant to an order imposed by the county commissioners court. *Id.* at 67. The trial court entered a summary judgment in favor of the defendants. For the reasons discussed later in this opinion, the court of appeals affirmed as to the sheriff but reversed and remanded with respect to the county. *Id.*

## Standard of review

■■■ The Texas Supreme Court has mandated the following standards for reviewing a motion for summary judgment:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

2. Leslie Sims and Arthur Sims were listed as plaintiffs in the original petition filed by the original plaintiffs. However, their names were not included in the order granting the temporary injunction and on December 28, 1988, they filed a separate plea in intervention. They are therefore included with the intervening plaintiffs.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex. 1984); *see also Clark v. Pruett,* 820 S.W.2d 903, 905–06 (Tex.App.—Houston [1st Dist.] 1991, no writ).

▇▇▇▇ Where both parties move for summary judgment, this Court may review both the denial as well as the granting of summary judgment. Each party has the burden of clearly proving its right to judgment as a matter of law, and neither may prevail simply because the other failed to discharge its burden. *James v. Hitchcock Indep. School Dist.,* 742 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1987, writ denied). We must resolve all doubts and indulge all reasonable inferences in favor of the losing party. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 315 (Tex.1987).

### Sheriff Klevenhagen

In points of error eight and nine, plaintiffs assert the trial court erred in granting summary judgment for Sheriff Klevenhagen on the basis of immunity. Specifically, plaintiffs assert Sheriff Klevenhagen's defense of official immunity fails as a matter of law.

▇▇▇ As noted above, in *Merrill v. Carpenter,* the Fort Worth Court of Appeals held that the sheriff was immune from the suit brought by the bail bondsmen. The court reasoned:

> A commissioners court in passing its orders functions in a legislative capacity and is therefore absolutely immune. An officer such as a sheriff who is required to carry out the orders of a court shares in the immunity of the ordering court. We hold that in this case the sheriff is merely carrying out his duties with respect to an order of the commissioners court. Although the commissioners were acting in their legislative capacity, rather than in a judicial capacity, we hold that the sheriff, who was merely carrying out their directives, shares in that immunity.

*Merrill,* 867 S.W.2d at 68 (citations omitted); *see also Supreme Court of Virginia v. Consumers Union of the United States, Inc.,* 446 U.S. 719, 738, 100 S.Ct. 1967, 1978, 64 L.Ed.2d 641 (1980) (Virginia Supreme Court and its members, when exercising their delegated legislative power, enjoy legislative immunity); *Merritt v. Harris County,* 775 S.W.2d 17, 23 (Tex.App.—Houston [14th Dist.] 1989, writ denied) (constables are considered under the control of a court when enforcing a court order, and are conferred with judicial immunity when executing court writs, as long as they execute the writ in good faith and as provided by law). Similarly, we find that Sheriff Klevenhagen, who was carrying out an order of the commissioners court, is immune from liability in this situation. We overrule points of error eight and nine.

In their seventh point of error, plaintiffs assert the trial court erred in not granting their motions for partial summary judgment because neither sovereign nor official immunity bars their claim against Sheriff Klevenhagen for a statutory penalty under former TEX.REV.CIV.STAT.ANN. art. 3909.[3] They further assert that former article 3909 is itself a waiver of official immunity, and that Sheriff Klevenhagen is liable under the statute because he collected an illegal fee from them.

Article 3909 was entitled "Extortion," and provided:

> If any officer named in this title or in Chapter 118, Local Government Code, shall demand and receive any higher fees than are prescribed to them in this title, or any fees that are not allowed by this title, such officer shall be liable to the party aggrieved for fourfold the fees so unlawfully demanded and received by him.[4]

We need not address plaintiffs' arguments concerning immunity. The commissioners court levied the fee pursuant to article 3926a, which, as the Texas Supreme Court acknowledged, appeared to authorize its imposition.

---

3. Act of May 21, 1987, 70th Leg., R.S., Ch. 149, § 16, 1987 Tex.Gen.Laws 1300, 1300 (current version at TEX.LOCAL GOV'T CODE ANN. § 118.801 (Vernon Supp.1995)).

4. Plaintiffs contend that both the sheriff and the county are liable for this statutory penalty. By the article's own terms, it applied to "any *officer* named in this title...." Article 3909 clearly did not apply to the county.

*See Camacho,* 831 S.W.2d at 813–14. The fee may have been illegal, but Sheriff Klevenhagen did not *unlawfully* demand and receive it. *See also Merrill,* 867 S.W.2d at 68 ("[T]he sheriff's charging of the fee authorized by the Commissioners Court of Tarrant County, based on a statute whose wording would appear to authorize such a fee, did not constitute extortion within the meaning of article 3909."). We overrule point of error seven.

### Harris County

In point of error five, plaintiffs assert the trial court erred in granting summary judgment for Harris County on the basis of immunity. Specifically, plaintiffs contend that a suit for the return of illegally collected fees is not subject to the defense of immunity. Defendants respond that Harris County is shielded by both legislative and governmental immunity.

 We agree with plaintiffs that the doctrine of legislative immunity does not apply. Harris County relies on *Supreme Court of Virginia v. Consumers Union* for the proposition that "a legislative body cannot be held liable for enacting an ordinance." We agree that the individual commissioners are legislatively immune from liability for levying the fee, but we agree with the *Merrill* court that the county has no such legislative immunity. *Merrill,* 867 S.W.2d at 67–68. Harris County cites no authority to the contrary.

 We further agree with plaintiffs that Harris County has not established that it is shielded by sovereign immunity in this case. The Fort Worth Court of Appeals specifically held that Tarrant County "enjoyed no immunity for the assessment of unauthorized taxes or fees." *Merrill,* 867 S.W.2d at 67. Additionally, it is well settled that consent of the legislature is not required to sue a county for recovery of an illegal tax involuntarily paid *under duress. Shaw v. Phillips Crane & Rigging, Inc.,* 636 S.W.2d 186, 188 (Tex.1982). Duress may be either

express or implied, and the legal liability to repay is the same in both instances. *National Biscuit Co. v. State,* 134 Tex. 293, 135 S.W.2d 687, 692 (1940). The question of what constitutes sufficient duress or compulsion to make the payment of an illegal tax an involuntary payment is to be determined from the particular circumstances under which the payments are made. *Crow v. City of Corpus Christi,* 146 Tex. 558, 209 S.W.2d 922, 924 (1948). Duress, or "business compulsion," requires a showing that the taxing statute imposes an onerous burden for nonpayment that potentially deprives that taxpayer of the right to do business. *Texas Nat'l Bank v. Harris County,* 765 S.W.2d 823, 825 (Tex.App.—Houston [14th Dist.] 1988, writ denied). Taxes are paid under business compulsion when a reasonably prudent person finds it is necessary to pay taxes that are not owed in order to preserve his property or protect his business. *Crow,* 209 S.W.2d at 924; *Prudential Ins. Co. v. Crystal City Indep. School Dist.,* 714 S.W.2d 74, 75 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.).[5]

The trial court erred in granting summary judgment on the basis of immunity. Point of error five is sustained. We reverse the summary judgment in favor of Harris County.

Because the trial court specifically granted summary judgment on the basis of immunity, the trial court did not reach Harris County's other affirmative defenses. We therefore remand the cause to the trial court. *See, e.g., Maley v. 7111 Southwest Freeway, Inc.,* 843 S.W.2d 229, 234 (Tex.App.—Houston [14th Dist.] 1993, writ denied) (where parties filed cross-motions for summary judgment, trial court did not address defendant's affirmative defenses but granted summary judgment for defendant specifically on basis of statutory construction, and appellate court found trial court erroneously construed statute, appellate court remanded case because it could not affirm a summary judgment on any ground not expressly identified in judgment order).

---

5. We note that in *Merrill,* the Fort Worth Court of Appeals stated that because the bail bondsmen would not have been able to do business without paying the illegal fee, they had paid the illegal fee under duress and were therefore entitled to seek

repayment of the fees from the county. *Merrill,* 867 S.W.2d at 69. In the case before us, the issue of whether the plaintiffs paid the illegal fee under duress has not been ruled on by the trial court.

We overrule point of error six (in which plaintiffs assert the trial court erred in not granting summary judgment for them because Harris County's defense of immunity failed as a matter of law), and point of error 10 (which addresses defendants' remaining defenses).

### Remaining points of error

In points of error one through four, plaintiffs assert the trial court erred in granting defendants' motion for summary judgment and in not granting plaintiffs' motions for partial summary judgment because the bond fee was illegal and the *Camacho* decision is retroactive. The defendants acknowledged in their motion for summary judgment that, pursuant to *Camacho*, the bond fee was illegal. Plaintiffs concede their requests for declaratory and injunctive relief are moot. The trial court granted summary judgment on the basis of immunity, not on the basis of the legality of the fee. The court did not err in failing to grant summary judgment for the plaintiffs based on the illegality of the fee. Points of error one through four are overruled.

In point of error 11, plaintiffs assert, "The trial court erred in failing to grant summary judgment for appellants that they are entitled to prejudgment interest compounded daily from the date that each illegal bail bond fee was paid." Because we are reversing and remanding this case, we need not address this point of error.

We affirm the judgment of the trial court regarding Johnny Klevenhagen. We reverse and remand with respect to Harris County.