**Paul KUBOSH and H. King Tieken, on Their Behalf and All Others Similarly Situated, Appellants,**

v.

**CITY OF HOUSTON, Appellee.**

**No. 01–98–00933–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 22, 1999.

Rehearing Overruled Nov. 4, 1999.

---

Norman Jolly, Law Offices of Norman Jolly, Walter J. Kronzer, III, John Carroll Boudreaux, Law Offices of John Boudreaux, Houston, for Appellants.

Michael P. Fleming, County Attorney-Harris County, Laura Anne Coats, Assistant City Attorney-Houston, Houston, for Appellee.

Panel consists Justices HEDGES, ANDELL, and DUGGAN.*

## OPINION

ERIC ANDELL, Justice.

The appellants brought a declaratory judgment action against the City of Houston ("City") alleging the City assessed an unauthorized warrant fee. Both parties moved for summary judgment. The trial court denied the appellants' motion and granted the City's motion. In two points of error, the appellants complain the trial court erred in rendering summary judgment in the City's favor. We affirm in part, and reverse and remand in part.

## FACTUAL AND PROCEDURAL HISTORY

The appellants sued the City and sought declaratory and injunctive relief, class certification, the return of all fees paid, attor-

ney's fees, and costs. They alleged the City was charging a $35 warrant fee that was not authorized by any statute. They argued that although the Code of Criminal Procedure authorized the imposition of the warrant fee at the time of conviction, the City had charged them a warrant fee even though they were not convicted.

After the City filed an answer, it moved for summary judgment on the basis that it was not liable because: (1) the appellants' claims are barred by the statute of limitations; (2) the City is shielded from liability under the doctrines of sovereign immunity, governmental immunity, and judicial immunity; (3) the appellants' claims are moot; and (4) the City has no duty to refund the fees because the appellants did not pursue other remedies before filing their declaratory judgment action.

The appellants moved for partial summary judgment on the basis that: (1) the City unlawfully charged a $35 warrant fee; (2) the Declaratory Judgment Act provides for attorney's fees; (3) the City is not entitled to any affirmative defenses; and (4) the appellants did not fail to provide proper notice.

The trial court denied the appellants' motion and granted the City's.

## I. SUBJECT MATTER JURISDICTION

■ As a threshold issue, the City contends the trial court did not have jurisdiction over the appellants' declaratory action because the Declaratory Judgment Act does not apply to criminal statutes. Specifically, the City contends that because the appellants' claims arose from criminal prosecution, the civil district court lacked subject matter jurisdiction. In support, the City cites *State v. Morales*, 869 S.W.2d 941, 942 (Tex.1994), and *Dallas County District v. Doe*, 969 S.W.2d 537, 540–43 (Tex.App.—Dallas 1998, no pet). In *Mor-*

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

*ales*, the plaintiffs brought a declaratory judgment action challenging the constitutionality of a penal code provision proscribing sodomy. *Morales*, 869 S.W.2d at 942; *see* TEX. PENAL CODE ANN. § 21.06 (Vernon 1989). In *Doe*, the plaintiff challenged the constitutionality of an election code provision criminalizing the failure to disclose the party contracting to print political advertisements. *Doe*, 969 S.W.2d at 539. Here, the appellants seek a declaration that the City has prematurely applied Code of Criminal Procedure Art. 102.011 [1] ("Code") and, therefore, has collected unauthorized fees. Appellants seek civil restitution of monies they claim were wrongfully taken by the City. To the extent that *Morales* and *Doe* stand for the proposition that civil courts have no jurisdiction to declare criminal statutes unconstitutional, they are distinguishable.

The Texas Supreme Court considered the merits of a case similar to ours. In *Camacho v. Samaniego*, 831 S.W.2d 804, 811–12 (Tex.1992), several bail bond issuers alleged the sheriff and the county were charging bond fees that were not authorized by law. The bail bond issuers argued that the only fees the sheriff could collect were those enumerated in Code of Criminal Procedure sections 102.001 and 102.011, and those did not include fees against bond issuers for bail bond approval. *Id.* The Supreme Court agreed with the bond issuers and concluded that the

fees were not authorized by statute and were, therefore, impermissible. *Id.*[2]

We conclude that the district court properly maintained jurisdiction over the appellants' claims.

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

In reviewing a summary judgment, we take the evidence favorable to the non-movant as true and indulge every reasonable inference in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). We will affirm the summary judgment if the motion for summary judgment includes any valid grounds for rendering summary judgment and the movant preserved those grounds for appellate review. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex.1996). Summary judgment for the defendant is proper when the proof shows that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990).

When both parties move for summary judgment, the trial court considers all of the evidence accompanying both motions. *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex.1997). When the trial court grants one motion and denies the other, we review the propriety of both judg-

---

**1.** The Code provides, in pertinent part:

(a) A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer:

\* \* \* \*

(2) $35 for executing or processing an issued arrest warrant or capias, with the fee imposed for the services of:

(A) the law enforcement agency that executed the arrest warrant or capias, if the agency requests of the court, not later than the 15th day after the date of the execution of the arrest warrant or capias, the imposition of the fee on conviction; or

(B) the law enforcement agency that processed the arrest warrant or capias, if the

executing law enforcement agency failed to request the fee within the period required by Paragraph (A) of this subdivision.

TEX.CODE CRIM. P. Ann. art. 102.011 (Vernon Supp.1999).

**2.** The City argues that*Camacho* is not controlling because it is based on the Local Government Code, not the Code of Criminal Procedure. In *Camacho*, the county and the sheriff argued that they had authority to collect the disputed fees under section 118.131 of the Local Government Code. The Texas Supreme Court disagreed. Nonetheless, the underlying wrongful action, the improper collection of bail bond fees, arose from a criminal prosecution, as did our case.

ments. *Holmes v. Morales,* 924 S.W.2d 920, 922 (Tex.1996). In such a review, we will determine all questions presented and may reverse the trial court's judgment and render such judgment as the trial court should have rendered. *Agan,* 940 S.W.2d at 81.

A defendant may show entitlement to summary judgment by conclusively proving all elements of an affirmative defense. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

## III. THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT

In two points of error, the appellants complain the trial court erred in rendering summary judgment for the City because: (1) the City's collection of a pre-conviction warrant fee violates the Code of Criminal Procedure; and (2) the Texas Civil Practice and Remedies Code provides for the restitution of wrongfully charged fees through declaratory judgment actions.

In their original petition, the appellants, Paul Kubosh, and all others similarly situated, sued the City seeking declaratory and injunctive relief, class certification, the return of all fees paid, attorney's fees, and costs. They asserted the City was charging a $35 warrant fee that was not authorized by any statute. They asserted that, although article 102.011 authorized the imposition of a warrant fee at the time of conviction, the City had charged them a warrant fee even though they were not convicted.

The City argued that Kubosh's claim was barred by limitations because he filed suit on April 7, 1998, nearly three and a half years after his claim accrued on November 29, 1994. In support, the City attached documentation showing Kubosh paid a $35 warrant fee on October 3, 1994, and his failure to appear charge was dismissed on November 29, 1994.

The appellants moved for partial summary judgment, asserting they proved:

1. The City unlawfully charged a $35 warrant fee from persons who were not convicted.

2. The Declaratory Judgment Act provides for the award of attorney's fees and costs that are equitable and just.

3. The City was not entitled to governmental immunity, sovereign immunity, quasi-judicial immunity, legislative immunity, and limitation of liability provided by the Texas Tort Claims Act ("TTCA") and Civil Practice and Remedies Code.

4. The plaintiffs did not fail to provide the mayor and city counsel of the City with proper notice as provided by Article IX, section 11 of the City Charter.

The appellants amended their petition, added H. King Tieken as a plaintiff, and contended simply that "[t]he cause of action for H. King Tieken accrued on or about April 1998." They did not attach any documentation showing when, if ever, Tieken paid the $35 warrant fee or what the ultimate disposition of his criminal case was.

The City supplemented its motion for summary judgment and filed a response to the appellants' partial motion for summary judgment that alleged:

1. The statute of limitations period is two years. The appellants' claims are barred because the appellants filed their claims nearly three and a half years after their claims accrued. Additionally, the discovery rule does not toll the statute of limitations in this case because the appellants' claims were not inherently undiscoverable.

2. The appellants have not shown that the City waived its sovereign immunity. The City, as a governmental entity, cannot be liable for the acts of its employees. Additionally, the refund of fees is purely discretionary because the Code requires the refund of warrant fees only upon a timely motion by the defendant. Because the TTCA precludes liability for

discretionary acts of a governmental entity, the City is immune from liability.
3. Because this claim involves the City's judiciary and/or judicial administrative decisions and police issues, the City cannot be liable because the TTCA does not waive immunity for claims based on judicial functions, administrative decisions, or administrative actions.
4. The appellants' declaratory judgment action is moot because the City and the appellants agreed that the City would not collect any $35 warrant fees pending the outcome of the appellants' case.
5. The appellants did not pursue the remedy for illegally charged fees as set out in the Texas Code of Criminal Procedure art. 103.008. Because the appellants did not pursue the remedy set out in the Code, the appellants do not have a cause of action against the City and the City has no duty to refund the warrant fees.

The City filed a second supplemental motion for summary judgment and plea to the jurisdiction. The City contended that because the appellants had not exhausted their remedies by seeking a refund through a timely motion to correct costs, they could not maintain a declaratory judgment action against the City.

The trial court denied the appellants' partial motion for summary judgment and granted the City's motion for summary judgment. Neither judgment specified the grounds for rendition. At the time the trial court rendered summary judgment for the City, the trial court had not granted the appellants' motion for class certification.

If, as here, the judgment is general, without specifying the grounds on which the trial court rendered summary judgment, the non-moving party on appeal must negate any grounds on which the

trial court could have rendered summary judgment. *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970).

## A. THE CITY'S MOTION FOR SUMMARY JUDGMENT

### 1. STATUTE OF LIMITATIONS

 The appellants contend the City failed to establish the date H. King Tieken was assessed a $35 warrant fee, and therefore, Tieken's cause of action was not barred by the statute of limitations. In support, the appellants cite *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990), for the proposition that the City must prove when the cause of action accrued. In *Burns*, the Court concluded that the movant defendant did not establish her right to summary judgment on a legal malpractice claim when the movant's summary judgment proof did not establish when the non-movant plaintiff's cause of action accrued. *Id.* We agree that, in order to show entitlement to summary judgment on a statute of limitations defense, the movant must prove when the cause of action accrued. In their amended petition, the appellants stated: "[t]he cause of action for H. King Tieken accrued on or about April 1998." The appellants did not attach any documentation showing when, if ever, Tieken paid the $35 warrant fee, and what the disposition of his criminal case was. The City had the burden of proving when Tieken's cause of action accrued in order to prevail on the affirmative defense of statute of limitations. Because the City did not do so,[3] we conclude that rendition of summary judgment on this basis was improper.

### 2. SOVEREIGN IMMUNITY

 The appellants contend that there was no sovereign or governmental immunity for an improper fee collection. In sup-

---

**3.** The record includes a letter from the City stating that the appellants agreed to amend their petition to include the date of Tieken's arrest. However, the record is devoid of any evidence the appellants amended their petition to include the date Tieken was arrested or paid the warrant fee.

port, they cite *Vannerson v. Klevenhagen,* 908 S.W.2d 37 (Tex.App.—Houston [1st Dist.] 1995, writ denied). In *Vannerson,* a bail bond processing fee was levied by the Harris County Commissioners Court. *Id.* at 38. The sheriff began assessing a $20 fee in January of 1983, even though the statute [4] did not authorize assessment until February 1, 1983. *Id.* As a consequence, the appellants sued Harris County and Sheriff Klevenhagen for damages. *Id.* We concluded that the county was not shielded by sovereign immunity for the assessment of unauthorized taxes or fees. *Vannerson,* 908 S.W.2d at 41 (citing *Merrill v. Carpenter,* 867 S.W.2d 65, 67 (Tex.App.—Fort Worth 1993, writ denied)).

Here, the City assessed a $35 warrant fee that was not authorized unless the person was convicted. In charging persons who had not yet been convicted, the City was assessing an unauthorized fee. Thus, the City was not shielded by sovereign immunity in this case. We therefore conclude that rendition of summary judgment on this basis was not proper.

### 3. JUDICIAL IMMUNITY

The appellants contend there is no basis in law for the City's immunity. In their supplemental motion for summary judgment, the City argued that Civil Practices and Remedies Code sections 101.053 and 101.055 precluded them from liability. We find the City's arguments misplaced.

▮ Under section 101.053, judges enjoy absolute judicial immunity from liability for judicial acts, no matter how erroneous the act or how evil the motive, unless the act is performed in the clear absence of all jurisdiction. *Turner v. Pruitt,* 161 Tex. 532, 342 S.W.2d 422, 423 (1961); *Delcourt v. Silverman,* 919 S.W.2d 777, 781 (Tex.App.—Houston [14th Dist.] 1996, writ denied); Tex. Civ. Prac. & Rem. Code Ann. § 101.053(a) (Vernon 1997).

The waiver of immunity under the Texas Tort Claims Act does not apply to:

a claim based on an act or omission of a court of this state or any member of a court of this state acting in his official capacity or to a judicial function of a governmental unit. "Official capacity" means all duties of office and includes administrative decisions or actions.

Tex. Civ. Prac. & Rem.Code Ann. § 101.053(a). The City does not cite, nor do we find any authority, supporting its contention that the $35 warrant fee was imposed through a "judicial function" of the City. We conclude that the doctrine of judicial immunity under section 101.053 does not shield the City from immunity in this case. *See City of Houston v. Swindall,* 960 S.W.2d 413, 417 (Tex.App.—Houston [1st Dist.] 1998, no writ) (in analyzing derived judicial immunity, we determine whether activities of party invoking immunity are intimately associated with judicial process, or whether party is functioning as integral part of judicial system or as "arm of the court," and court determines whether act is judicial in nature by its character, not by character of agent performing it).

▮ Furthermore, the City does not cite any cases holding that a governmental unit is shielded from liability for the unauthorized assessment of warrant fees. We recognize that governmental units may be immune from liability under certain circumstances involving collection of fees and taxes. In a suit for personal injuries caused by the State Comptroller, our Supreme Court stated the purpose behind section 101.055:

The exclusion contained in section 101.055 for claims arising "in connection with assessment or collection of taxes by a governmental unit," closely tracks the federal exclusion for "[a]ny claim arising in respect of the assessment or collection of any tax...." 28 U.S.C.

---

**4.** Former Tex.Rev.Civ. Stat. Ann. art. 3926a. Act of June 10, 1981, 67th Leg. R.S., ch. 379, § 1, 1981 Tex. Gen. Laws 1001, 1001 (current version at Tex. Local Gov't Code Ann. § 118.131 (Vernon Supp.1999)).

§ 2680(c) (1982). Prior to the passage of the Texas Tort Claims Act, the federal counterpart had been construed to limit the United States' governmental immunity to claims regarding injuries which result directly from the assessment or collection of taxes. *See Broadway Open Air Theatre, Inc. v. United States,* 208 F.2d 257, 259 (4th Cir.1953); *United States v. Banner,* 226 F.Supp. 904, 905 (N.D.N.Y.1963); *Paige v. Dillon,* 217 F.Supp. 18, 20 (S.D.N.Y.1963). We adopt a similar construction for section 101.055 of the Tort Claims Act. Our decision today is consistent with our interpretation of other exceptions to the waiver of immunity contained in the Tort Claims Act. In *State v. Terrell,* 588 S.W.2d 784 (Tex.1979), we considered the extent of protection from suit for police and fire departments afforded by section 101.055(3) of the Act for policy decisions as to when and how to provide protection. Interpreting that exception narrowly, we held that the State could be sued for injuries arising from the negligent non-emergency operation of a police vehicle because the legislature intended to exclude only those acts or omissions which constitute the execution of, or actual making of policy decisions concerning protection. Similarly, we conclude that the legislature intended to limit the Comptroller's immunity to only those acts or omissions which constitute implementation of policy decisions on how to collect or assess taxes.

*Driskill v. State,* 787 S.W.2d 369, 370 (Tex. 1990).

We conclude that the imposition of unauthorized fees does not constitute the "implementation of policy decisions on how to collect or assess taxes." Accordingly, we are persuaded that section 101.055 does not operate to bar the appellants' suit for the unauthorized assessment of a $35 warrant fee. Therefore, we conclude that the rendition of summary judgment on the basis of sections 101.053 and 101.055 of the Texas Civil Practice and Remedies Code was not proper.

### 4. MOOTNESS

■ The appellants contend their claim was not moot because the City's agreement[5] was to refrain from collecting a $35 warrant fee only "pending the outcome of the suit." The appellants contend that because the trial court rendered summary judgment in the City's favor, their suit is no longer pending, and the City is free to recommence assessing the $35 warrant fee. Although the City responds that they changed their "procedures in collecting and charging for the warrant fee," the record does not include any evidence showing that any changes were actually made. The City has not shown that the assessment of an allegedly unauthorized warrant fee is a moot issue.

### 5. FAILURE TO PURSUE OTHER REMEDIES

■ The appellants contend that they are not barred from suing the City because they did not first seek reimbursement under the Code of Criminal Procedure article 103.008.[6] In the City's supplemental motion for summary judgment, it argued that it had no duty to refund the warrant fees because the appellants did not challenge the imposition of the fees in the criminal court system first pursuant to article 103.008. In support, the City cites *Stevens v. State,*

---

**5.** The agreement with the City states, in pertinent part, that "pending the outcome of this suit, the City of Houston agrees to refrain from collecting a $35.00 warrant fee from anyone, pre-conviction."

**6.** Texas Code of Criminal Procedure art. 103.008, "Correction of Costs," provides, in pertinent part:

(a) On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs.

671 S.W.2d 517, 521 (Tex.Crim.App. 1984), *Mejia v. State,* 505 S.W.2d 532, 536 (Tex.Crim.App.1974), *Torres v. State,* 491 S.W.2d 126, 128 (Tex.Crim. App.1973), and *Moore v. State,* 658 S.W.2d 312, 316 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). The appellants contend these cases merely hold that evidentiary objections not lodged in trial court are waived on appeal. We agree. The City has not cited, and we do not find, any authority holding that article 103.008 is the exclusive remedy for the unauthorized assessment of a $35 warrant fee.

In *Crow v. City of Corpus Christi,* 209 S.W.2d 922, 924, 146 Tex. 558, 560 (1948), the Texas Supreme Court determined that the remedy afforded by the Declaratory Judgment Act is an additional remedy and the Act does not supplant any existing remedy. We conclude that the appellants claim was not barred because they did not seek a "correction of costs" under article 103.008.

We hold the trial court erred in rendering summary judgment for the City.

## B. THE APPELLANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT

In the appellants' partial motion for summary judgment, they argued they were entitled to summary judgment on the following issues:

1. The City unlawfully charged a $35 warrant fee from persons who were not convicted.

2. The Declaratory Judgment Act provides for the award of attorney's fees and costs that are equitable and just.

3. The City was not entitled to governmental immunity, sovereign immunity, quasi-judicial immunity, legislative immunity, and limitation on liability provided by the Texas Tort Claims Act and Civil Practice and Remedies Code.

4. The plaintiffs did not fail to provide the mayor and city counsel of the City with proper notice as provided by Article IX, section 11 of the City Charter.

## 1. UNAUTHORIZED ASSESSMENT OF WARRANT FEES

 In their first ground for summary judgment, the appellants contend they conclusively established that the City charged an unauthorized warrant fee. However, the appellants did not attach summary judgment proof conclusively proving that any one of the appellants had been charged an unauthorized $35 warrant fee within the limitations period.

The record includes evidence that Kubosh was assessed a $35 fee on October 3, 1994. Kubosh's criminal case was dismissed on November 29, 1994. The appellants filed suit on April 7, 1998. The applicable limitations period is two years.[7] However, the appellants contend the discovery rule tolled the statute of limitations as to Kubosh's claim. The appellants argue that Kubosh's claim was inherently undiscoverable because they realized the fee was unauthorized only after talking to someone at the sheriff's office and researching the issue. The appellants do not cite any cases that apply the discovery rule to these facts, and we decline to do so. Thus, the appellants did not establish that Kubosh was charged an unauthorized warrant fee within the limitations period.

The appellants alleged Tieken's claim accrued in April, 1998. However, the record is devoid of any evidence of when, if ever, Tieken was charged a warrant fee. The appellants have not conclusively established the first ground in their partial motion for summary judgment. Accordingly, we will not consider the other grounds

---

**7.** Suits for the conversion of personal property and the taking or detaining of personal property are governed by a two-year statute of limitations. Tex. Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon 1986). Texas courts have applied this provision to claims against county governments and officials for repayment of fees and fines. *Camacho v. Samaniego,* 954 S.W.2d 811, 827 (Tex.App.—El Paso 1997, writ denied).

raised in the appellants' motion. We conclude the trial court did not err in denying the appellants' partial motion for summary judgment.

## IV. CONCLUSION

We affirm the trial court's denial of the appellants' partial motion for summary judgment. We reverse the rendition of summary judgment for the City and remand the cause to the trial court.