

# NUMBER 13-04-00449-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JUAN MARIO VILLAFANI, M.D.,** **Appellant,**

**v.**

**ADELA TREJO,** **Appellee.**

---

## On appeal from the 197th District Court of Cameron County, Texas.

---

# MEMORANDUM OPINION ON REMAND

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion on Remand by Justice Garza**

On remand from the Texas Supreme Court, we address the contention made by appellant, Juan Mario Villafani, M.D., that the trial court erred in denying his motion for dismissal and sanctions for the failure of appellee, Adela Trejo, to file an expert report that conformed to the requirements of former article 4590i of the Texas Revised Civil Statutes.[1]

---

[1] Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 13.01, 1995 Tex. Gen. Laws 985, 986 (former TEX REV. CIV. STAT. art. 4590i, § 13.01), *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003

We affirm.

## I. BACKGROUND

On May 29, 2003, Trejo filed a medical malpractice suit against Villafani, Ruben Lopez, M.D., and others involved in an abdominal surgery.[2]  On November 25, 2003, Trejo timely filed expert reports as required by section 13.01(d) of former section 4590i of the Texas Revised Civil Statutes.  *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 13.01(d), 1995 Tex. Gen. Laws 985, 986 (former TEX REV. CIV. STAT. art. 4590i, § 13.01(d)), *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884.  On February 10, 2004, Villafani filed a motion for dismissal and sanctions, asserting that Trejo's expert reports did not satisfy statutory requirements.  *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(e), 1995 Tex. Gen. Laws 985, 986 (repealed 2003).  The trial court denied Villafani's motion on April 7, 2004.

On April 30, 2004, Trejo filed a notice of nonsuit without prejudice on her claims against Villafani.  *See* TEX. R. CIV. P. 162.  On July 29, 2004, the trial court severed Trejo's claims against Villafani and rendered a final judgment dismissing the claims against Villafani without prejudice.  Villafani subsequently appealed the trial court's denial of his motion for dismissal and sanctions.  This Court dismissed Villafani's appeal for lack of jurisdiction because Villafani's "motion for sanctions and dismissal was not a pending claim at the time the non-suit was granted."  *Villafani v. Trejo*, No. 13-04-449-CV, 2005 Tex. App. LEXIS 8265, at **2-3 (Tex. App.–Corpus Christi Oct. 6, 2005) (mem. op.), *rev'd*, 251

Tex. Gen. Laws 847, 884.  Former article 4590i was replaced by House Bill 4 (now Chapter 74 of the Texas Civil Practice and Remedies Code), which governs health care liability claims commenced on or after September 1, 2003.

[2] Of the defendants, only Villafani is a party to this appeal.

2

S.W.3d 466 (Tex. 2008).

The Texas Supreme Court reversed this Court's decision, stating that the denial of Villafani's motion for dismissal and sanctions survived Trejo's nonsuit and "could be the subject of an appeal." *Villafani*, 251 S.W.3d at 471. We will, therefore, analyze the propriety of the trial court's denial of Villafani's motion for dismissal and sanctions.

## II. STANDARD OF REVIEW

We review a trial court's decision to dismiss a case under section 13.01(e) of former article 4590i under an abuse of discretion standard. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). The trial court abused its discretion if it acted arbitrarily or unreasonably without reference to any guiding rules or principles when it denied Villafani's motion for dismissal and sanctions. *See Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003); *Strom v. Mem'l Hermann Hosp. Sys.*, 110 S.W.3d 216, 220 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).

## III. ANALYSIS

By his sole issue, Villafani argues that the trial court abused its discretion in denying his motion for dismissal and sanctions pursuant to section 13.01 of former article 4590i. Specifically, Villafani contends that Trejo's expert reports did not adequately establish that Villafani breached the standard of care and caused the complained-of injury, "a retained V.A.C. [vacuum assisted closure therapy] device or V.A.C. sponge." Trejo asserts that the complained-of injury was a "severe abdominal infection" and that the report submitted by Louis Silverman, M.D., clearly established that Villafani was negligent.

### A. Applicable Law

Section 13.01(d) of former article 4590i provides that:

Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or health care provider.

Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(d), 1995 Tex. Gen. Laws 985, 986 (repealed 2003). Section 13.01(r)(6) of former article 4590i defines an "expert report" as a:

written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(r)(6), 1995 Tex. Gen. Laws 985, 986 (repealed 2003). If the requirements of sections 13.01(d) and 13.01(r)(6) are not met, the court shall:

enter an order awarding as sanctions against the claimant or the claimant's attorney:

(1) the reasonable attorney's fees and costs of court incurred by that defendant;

(2) the forfeiture of any cost bond respecting the claimant's claim against the defendant to the extent necessary to pay the award; and

(3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(e), 1995 Tex. Gen. Laws 985,

986 (repealed 2003); *see Palacios*, 46 S.W.3d at 877.

## B. Discussion

On November 25, 2003, Trejo timely produced her medical records and an expert report from Silverman. In his report, Silverman noted the following:

> The standard of care regarding colostomy closure predicates that no foreign material be implanted at the time that colon surgery is performed. If foreign material implanted within the body, is exposed to colonic bacteria, contamination is inevitable, and the foreign material becomes a nidus for ongoing infection, which persists until the foreign material is removed. Dr. Villafani ignored that standard, and this resulted in suppurative, persistent wound infection. This complication would have been prevented had he chosen to close the incision primarily, without mesh, planning mesh implantation at a second sitting after the colostomy closure had healed. Other alternatives exist, such as skin closure only or delayed primary closure. Each of these choices would have avoided contamination of foreign material implanted in a contaminated field. By failing to meet this standard, Dr. Villafani's substandard care resulted in Ms. Trejo's overwhelming infection.
>
> In summary, Dr. Villafani's substandard care resulted in a major wound infection. Dr. Lopez failed to provide treatment mandated by the standard of care, i.e., removal of infected mesh. The result of these physicians' substandard care was [a] massive wound infection, prolonged by ineffective treatment with all the attendant morbidity and the risks associated with multiple operations in an 84-year-old lady.

Generally, an expert report's adequacy does not depend on whether the expert uses any particular "magical words." *Windsor v. Maxwell*, 121 S.W.3d 42, 48 (Tex. App.–Fort Worth 2003, pet. denied) (citing *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 53 (Tex. 2002)). A report is sufficient if it "contains information summarizing and explaining the causal relationship between the doctor's failure to meet the applicable standards of care and the plaintiff's injury." *Id.* (citing *Bowie Mem'l Hosp.*, 79 S.W.3d at 53). The expert must explain the basis of "his statements" linking "his conclusions" to the facts. *See Earle v. Ratliff*, 998 S.W.3d 882, 890 (Tex. 1999).

5

In *Palacios*, the Texas Supreme Court stated that:

[t]he issue for the trial court is whether 'the report' represents a good-faith effort to comply with the statutory definition of an expert report. . . . That definition requires, as to each defendant, a fair summary of the expert's opinions about the applicable standard of care, the manner in which the care failed to meet that standard, and the causal relationship between that failure and the claimed injury. Because the statute focuses on what the report discusses, the only information relevant to the inquiry is within the four corners of the document.

46 S.W.3d at 878 (internal citations omitted). An expert report need not marshal all the plaintiff's proof, but it must include the expert's opinion on each of the elements identified in the statute in order to represent a good-faith effort. *Id.* Additionally, the supreme court fashioned a two-part inquiry for reviewing expert reports. *Id.* at 879. "First, the report must inform the defendant of the specific conduct the plaintiff has called into question. Second, and equally important, the report must provide a basis for the trial court to conclude that the claims have merit." *Id.*

Villafani's primary complaint is that Trejo's pleadings do not directly correlate with Silverman's report. While Trejo's pleadings could have been better drafted, it is clear that the cause of action alleged against Villafani involves negligence in the treatment of Trejo. Trejo's allegations of "a retained V.A.C. device or V.A.C. sponge" involve the manufacturer of the product and Lopez, not Villafani. Silverman's expert report adequately sets forth the standard of care pertaining to Villafani, how that standard was breached, and the result—a massive wound infection. We therefore conclude that Silverman's expert report adequately informed Villafani of the complained-of conduct and provided the trial court with a basis to determine whether Trejo's claims had merit; therefore, the report satisfies *Palacios*. *See* 46 S.W.3d at 879. Accordingly, we overrule Villafani's sole issue on appeal.

6

## IV. CONCLUSION

We affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion on Remand delivered
and filed this the 18th day of September, 2008.