Opinion issued September 10, 2010

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-07-00431-CV

———————————

Brookshire Katy Drainage District, Appellant

V.

The Lily Gardens, LLC, Richard E. Flueckiger and
Kenneth B. Luedecke, Appellees



 



 

On Appeal from the 9th District Court 

Waller County, Texas



Trial Court Case No. 06-08-18415

 



 

 

OPINION ON REHEARING

 

          Appellees,
Lily Gardens, LLC, and
its owners, Richard E. Flueckiger and Kenneth B. Leudecke (collectively, the
“Defendants”), have filed a motion for rehearing.  Appellant, Brookshire Katy Drainage District
(the “District”), filed a response to the motion.  We grant rehearing and withdraw
our opinion and judgment of December 22, 2009 and substitute this opinion and
judgment in their place.

The District filed suit against the Defendants and
sought declaratory and injunctive relief, alleging, among other things, that
the Defendants (record owners of the tract of real property at issue) violated
the District’s rights pursuant to an express easement and trespassed on the
District’s property.  Specifically, the
District alleged that the Defendants were “encroaching and infringing into the
[District’s] easement and culverts without permission.”  

The Defendants filed traditional and no-evidence summary
judgment motions relating to all of the District’s claims.  The trial court granted summary judgment disposing
of all of the District’s claims and awarded attorney’s fees to the Defendants.[1]

In its first two issues, the District contends that the trial
court erred by granting the Defendants’ motion for summary judgment on the
District’s claims for declaratory and injunctive relief for violation of the
easement and trespass.  In its third
issue, the District argues the trial court erred in awarding attorney’s fees to
the Defendants under the Declaratory Judgments Act.  

We find no reversible error and affirm.

Background

          The District is a political
subdivision of the State of Texas, created by the Texas Legislature, and
charged with controlling drainage in an area of Waller County.  Pursuant to this directive, in 1962 the
District entered into two express easements with Mrs. Frank E. Smith and
Johnnie Harris.  Identical in language,
the easements granted the District “a right of way and easement for the purpose
of constructing, maintaining, operating, repairing and re-constructing a
drainage canal” across two tracts of land. 
The easement conveyances, which were submitted by both parties as
summary judgment evidence, go into greater detail regarding the respective
rights of the parties, and state,

               
The DISTRICT shall have all rights and benefits necessary or convenient for the
full enjoyment or use of the rights herein granted, with the right of ingress
and egress to and from said drainage canal right of way, provided however, that after construction of said drainage
canal, said right of ingress and egress of the DISTRICT shall be limited to the
said right of way and to existing roads and passageways.  The
DISTRICT is given the right from time to time to cut and remove all trees,
undergrowth, and abate other obstruction, upon said canal right of way, that
may injure, endanger, or interfere with the construction, operation,
maintenance and repair of said drainage canal.

 

               
The DISTRICT agrees during the life of this easement to repair all damage to roads, passageways and fences resulting from
the DISTRICT’S use in going to and from said easement and right of way,
and to restore the same to the previously existing condition as near as
possible.

 

               
GRANTOR reserves the right to use the facilities offered by the drainage canal
for the disposal of surface waters, rain, or any excess waters collecting upon
his land, and in such connection GRANTOR has the right in the manner provided
by law and at his own expense to construct and provide ditches, drains and
laterals connecting his said land or portions thereof with the drainage canal.

 

Pursuant to the easement, the District constructed a ten-foot
deep drainage ditch traversing both of the tracts and severing the front
portions of the tracts from the larger back parcels.  After the drainage ditch was completed, the
District installed a concrete bridge across the ditch to connect the front and
back portions of the tracts.  Underneath
the bridge and in the drainage ditch, the District installed two metal pipes
(or “culverts”) that ran along with the route of drainage.

In 2004, Richard Flueckiger and Kenneth Luedecke created Lily
Gardens, LLC (“Lily Gardens”), which acquired three consecutive tracts of land,
including the two tracts subject to the drainage ditch easements with the
District.  After acquiring the property,
Lily Gardens undertook various projects to make the property suitable for
visitors as an outdoor event venue, including adding a picturesque covering to
the existing cement bridge spanning the drainage ditch.  Lily Gardens intended to use the existing bridge
to transport visitors from a reception facility on the front part of the
property to a gazebo on the back portion of the property.  

Lily Gardens left all existing structures in place and merely
affixed the bridge covering to the existing cement bridge at ground level; the bridge
covering did not extend down to the actual drainage ditch nor did it touch the
pipes (or “culverts”) underneath the bridge. 
In 2006, the District sent Lily Gardens a cease and desist letter
stating that the construction of the bridge covering constituted an
encroachment on the District’s right-of-way and otherwise violated the easement
restrictions.  Specifically, the District
alleged that the structure was attached to the District’s “culverts,” which
“interfere[d] with the District’s drainage plans and system, . . . violate[d]
the easement restrictions, and impermissibly encroache[d] on the District’s
right-of-way.”  

After the Defendants refused to remove the bridge covering,
the District filed suit.  The District
alleged causes of action for temporary and injunctive relief relating to (1)
violation, encroachment, and infringement on the District’s rights under the easement;
(2) trespass; and (3) nuisance.  Each claim
involved the common allegation that Lily Gardens wrongfully constructed the
bridge covering.  

The Defendants filed traditional and no-evidence motions for
summary judgment as to all of the District’s causes of action.  The trial court signed an order granting the “Defendants’
Traditional and No-Evidence Motion for Summary Judgment,” without specifying whether
it was granting summary judgment on the traditional or no-evidence motions.  In the order, the trial court specifically stated
that “the bridge covering at issue . . . [did] not encroach on the Brookshire
Katy Drainage District’s easement rights” and that the Defendants were “not
required to remove the bridge covering and defendants [were] expressly allowed
to complete the bridge covering.”[2]  The court withheld ruling on the issue of
attorney’s fees so that it could hold a hearing.  

After conducting a hearing on attorney’s fees, the court
signed an amended final judgment.  In the
judgment, the court reiterated that it granted the Defendants’ motion for
summary judgment, awarded attorney’s fees, and disposed of all remaining claims
by acknowledging that the Defendants non-suited their remaining claims without
prejudice.

Summary Judgment

In its first and second issues, the District contends the
trial court erroneously granted summary judgment because the Defendants failed
to establish entitlement to judgment as a matter of law and, alternatively, the
District raised genuine issues of material fact precluding summary judgment.  Although the trial court granted summary
judgment in the Defendants’ favor on all
of the District’s causes of action, the District only challenges the trial
court’s summary judgment as to two of its claims; specifically, the claims
relating to violation of easement and trespass. 
Accordingly, we limit our review to whether summary judgment was proper on
those claims.  

A.      Standard
of Review

“We review a grant of summary judgment de novo.”  Ferguson
v. Bldg. Materials Corp. of Am., 295 S.W.3d 642, 644 (Tex. 2009) (citing Tex. Mun. Power Agency v. Pub. Util. Comm’n
of Tex., 253 S.W.3d 184, 192 (Tex. 2007)). 
In both traditional and no-evidence summary judgment motions, we review
the entire record in the light most favorable to the non-movant, indulging
every reasonable inference and resolving any doubts against the motion.  Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d
746, 748 (Tex. 1999).  

“[I]ssues a non-movant contends avoid the movant’s
entitlement to summary judgment must be expressly presented by written answer
to the motion or by other written response to the motion and are not expressly
presented by mere reference to summary judgment evidence.”[3]  McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993).  We must affirm the summary judgment if any of
the movant’s theories presented to the trial court and preserved for appellate
review are meritorious.  Provident Life & Accident Ins. Co. v.
Knott, 128 S.W.3d 211, 216 (Tex. 2003). 


When a party seeks both a traditional and a no-evidence
summary judgment on the non-movant’s claim, we first review the trial court’s
summary judgment under the no-evidence standards of Texas Rule of Civil
Procedure 166a(i).   Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  If a non-movant failed to produce evidence to
defeat the summary judgment motion, then we need not analyze whether the movant’s
summary judgment proof satisfied the less stringent “traditional” burden.  Id.  In other words, if no-evidence summary
judgment was properly granted, we do not reach arguments under the traditional
motion for summary judgment.  See id. 


Here, the Defendants included both traditional and no-evidence
grounds in their motion for summary judgment. 
The trial court did not specify whether it was granting the motion on
traditional or no-evidence grounds. 
Accordingly, we review the no-evidence grounds first.

          1.       No-Evidence
Summary Judgment

Under the no-evidence standard, the party without the burden
of proof may move for a no-evidence summary judgment on the basis that there is
no evidence to support an essential element of the non-moving party’s
claim.  Tex.
R. Civ. P. 166a(i).  Once the
motion is filed, the burden shifts to the non-moving party to present evidence
raising a genuine issue of material fact as to the elements specified in the
motion.  Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  “The court must grant the motion unless the
respondent produces summary judgment evidence raising a genuine issue of
material fact.”  Tex. R. Civ. P. 166a(i).  If the non-movant brings forward more than a
scintilla of evidence that raises a genuine issue of material fact, then
summary judgment is not proper. Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
834 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  

Our review of a trial court’s summary judgment extends to the
evidence that was before the court at the time of the ruling.  Plotkin
v. Joekel, 304 S.W.3d 455, 486 (Tex. App.—Houston [1st Dist.] 2009, pet.
denied); see also Tex. R. Civ. P. 166a(c); Tex. R. App. P. 33.1.  However, “[i]n determining whether a respondent
to a no-evidence motion for summary judgment has sufficient evidence to raise a
genuine issue of material fact, courts are not required to search the record
without guidance.”  Aleman v. Ben E. Keith Co., 227 S.W.3d 304, 309 (Tex. App.—Houston
[1st Dist.] 2007, no pet.).  A general
reference to a voluminous record that does not direct the trial court and
parties to the evidence relied upon is insufficient.  See
Rogers v. Ricane Enterprises, Inc., 772 S.W.2d 76, 81 (Tex. 1989). 

We will affirm a no-evidence summary judgment when (1) there
is a complete absence of evidence of a vital fact, (2) the court is barred by
rules of law or of evidence from giving weight to the only evidence offered to
prove a vital fact, (3) the evidence offered to prove a vital fact is no more
than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact.  City of
Keller v. Wilson, 168 S.W.3d 802, 810 (Tex. 2005).  

          2.       District’s Summary Judgment
Response

In its response to the Defendants’ no-evidence motion, the
District specifically asserted that the construction of the bridge covering
violated the terms of the easement.  To
support this argument, the District attached summary judgment evidence to its
response, including the easement in question and pictures of the bridge
covering.  The District also attached the
affidavit of Raymond Dollins, President of the District.

In the affidavit, Dollins states that the Defendants did not
obtain a permit from the District prior to beginning construction on the bridge
covering.  The remainder of Dollins’s
affidavit is either (1) not relevant to a material fact regarding the easement
or alleged trespass or (2) verbatim allegations and conclusions from the
District’s response without supporting “statements of fact.”  See Tex. R. Civ. P. 166a(f); Tex. Gov’t Code Ann. § 312.011(1) (Vernon 2005) (defining
“affidavit” as a “statement in writing of a fact or facts”).

Such conclusory statements in an affidavit are insufficient
to raise an issue of fact in response to a motion for summary judgment.  See,
e.g., Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996); Brownlee v. Brownlee, 665 S.W.2d 111,
112 (Tex. 1984).  “A conclusory statement
is one that does not provide the underlying facts to support the conclusion.”  Winchek
v. Am. Exp. Travel Servs. Co., 232 S.W.3d 197, 206 (Tex. App.—Houston [1st
Dist.] 2007, no pet.).  Similarly, an
affidavit that is nothing more than a sworn repetition of allegations in the
pleadings has no probative force, as the statements are no more than
conclusions or a mere surmise or suspicion. 
Selz v. Friendly Chevrolet, Inc.,
152 S.W.3d 833, 837 (Tex. App.—Dallas 2005, no pet.).  

Further, Dollins’s conclusory statements that the District’s
legislative authority allows it do certain things (Dollins’s interpretations of
the law) are not competent summary judgment evidence.  Haden
v. David J. Sacks, P.C., No. 01-01-00200-CV, 2009 WL 1270372, *5 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)
(“Statements that are nothing more than legal conclusions are not sufficient to
support a summary judgment as a matter of law . . . .”).[4]

In its reply brief, the District asserts (without supporting
authority) that “every word in Mr. Dollins’s affidavit in support of the
District must be taken as true.”  That,
however, is not the case when the affidavit is wholly lacking factual support.  In the reply brief, the District argues that,
in his affidavit, Dollins “clearly and unequivocally denied Lily Gardens’
description of events.”  However, a sworn
general denial of another party’s factual accounts does not meet the burden
under the no-evidence summary judgment grounds of producing evidence to create a material fact issue.  See
Burrow v. Arce, 997 S.W.2d 229, 235–36 (Tex. 1999) (rejecting affidavit as
“nothing more than a sworn denial of plaintiff’s claims” that “could not
support summary judgment”; further stating that an affiant “cannot simply say,
Take my word for it; I know[.]”).  In
short, Dollins’s affidavit contains no probative evidence favorable to the
District’s claims, as it is entirely his unsupported conclusions and
interpretations of law.

The District’s claim that the bridge covering infringes upon
the scope of its easement across Defendants’ land seems to be based, in part,
upon an allegation that the covering either impedes the flow of water through
the canal or that it might, in the future, impact the District’s ability to
repair or maintain the canal.  However, the
District failed to provide any summary judgment evidence to show this.

Thus, our analysis turns to the remaining summary judgment
evidence: the express easement language and the photos of the construction in
question.  We must determine whether the
mere act of constructing the bridge covering, even if that covering does not
extend into the canal or impede the flow of water through the canal beneath it,
violates the terms of the easement.

B.      Violation
of Easement

On appeal, the District argues that the trial court erred in
granting summary judgment on its claim for declaratory and injunctive relief
relating to the Defendants’ alleged violation of the easement.

          1.       Applicable
Law

“An easement does not convey title
to property.”  Stephen F. Austin State Univ. v. Flynn, 228 S.W.3d 653, 658 (Tex.
2007) (citing Marcus Cable Assocs. v.
Krohn, 90 S.W.3d 697, 700 (Tex. 2002)).  Instead, an easement is a nonpossessory interest in another’s property
that authorizes its holder to use that property for a particular purpose.  Marcus
Cable, 90 S.W.3d at 700.  The contracting
parties’ intentions as expressed in the grant determine the scope of the
interest conveyed.  Id. at 700–01.  We read the
terms of an easement as a whole to reach an adequate interpretation of the
parties’ intentions and to carry out the purpose for which the easement was
created.  Id. at 701.  Unless the
language is ambiguous, we rely solely on the written instrument.  Koelsch
v. Indus. Gas Supply Corp., 132 S.W.3d 494, 498 (Tex. App.—Houston [1st Dist.] 2004, pet.
denied).  

“In determining the scope of an easement, ‘we may only imply
those rights reasonably necessary to the fair enjoyment of the easement with as
little burden as possible to the servient owner.’”  Whaley
v. Cent. Church of Christ of Pearland, 227 S.W.3d 228, 231 (Tex.
App.—Houston [1st Dist.] 2007, no pet.) (quoting Lakeside Launches, Inc. v. Austin Yacht Club, Inc., 750 S.W.2d 868,
871 (Tex. App.—Austin 1988, writ denied)); see
also Marcus Cable, 90 S.W.3d at 701. 
“If a particular purpose is not provided for in the grant, a use
pursuing that purpose is not allowed.”  Marcus Cable, 90 S.W.3d at 701. 

To prevail on a claim for interference with easement rights,
the District must prove that the Defendants engaged in activities that
interfered with the District’s reasonable use and enjoyment of the
easement.  See Still v. Eastman Chem. Co., 170 S.W.3d 851, 854 (Tex.
App.—Texarkana 2005, no pet.) (citing Harris
County v. S. Pac. Transp. Co., 457 S.W.2d 336, 340 (Tex. Civ. App.—Houston
[1st Dist.] 1970, no writ.)).  




 

2.       Analysis

In their summary judgment motion, the Defendants specifically
alleged that there was no evidence that they engaged in activities that
interfered with the District’s reasonable use and enjoyment of the
easement.  Accordingly, the burden shifted
to the District to present summary judgment evidence raising a genuine issue of
material fact that they did.  See Mack
Trucks, Inc., 206 S.W.3d at 582.

Here, the easement’s stated purposes was for “constructing,
maintaining, operating, repairing, and re-constructing a drainage canal,
including drains, ditches, laterals and levees[.]”  The District alleged that the Defendants’
construction of the covering over the existing bridge interfered with its
easement rights.  

The bridge covering added by the Defendants is affixed to the
preexisting cement bridge above the
drainage canal, as distinguishable from construction in or obstructing the
canal.

It is undisputed that the cement bridge was built around the
time the District built the drainage canal. 
The pictures attached as summary judgment evidence by the District show
that the bridge covering was attached to this preexisting bridge.  The District does not provide any evidence
showing that the structure was actually built onto or extended into the drainage
canal.  The District has asserts that the
covering was affixed to the “culvert.” 
By “culvert,” the District is referring to two pipes that are located in
the drainage canal, underneath the cement bridge.[5]  The term “culvert” is not used in the
easement grant, as are “canal” and “roadway.” The easement delineates, in clear
terms, the District’s rights with respect (a) the roadways to access the
drainage canal and (b) the canal.  We
also address (c) the District’s public interest arguments.

a.    
Rights with respect to the roadway

The granting instrument provides the District with certain
rights incident to the purpose or use of the easement, including the “right of
ingress and egress to and from said drainage canal right of way[.]”  In other words, the District has the right to
use the Defendants’ roadway to travel from the public street to the drainage
canal location and back; the easement does not provide unlimited or exclusive
use of the roadways or the Defendants’ property.  The instrument also provides, “after
construction of said drainage canal, said right of ingress and egress of the
DISTRICT shall be limited to the said right of way and to existing roads and
passageways.”  (Emphasis added.)  Thus, the District is prohibited from
relocating the roadways.  As further
evidence of the District’s limited right to use the roadways on the property,
the easement also expressly states that, during the life of the easement, the
District is required “to repair all
damage to roads, passageways and fences resulting from the DISTRICT’S use[.]”  


The intention of the parties was clearly expressed in the
easement instrument.  The District has no
right, under the terms of the easement, to control or prohibit construction on
the roadway.  The District’s only right
with respect to the roadways is ingress and egress to and from the drainage canal,
and the District has not produced any evidence showing that the construction of
the bridge covering prevented its ingress and egress to and from the drainage
canal.

b.   
District’s Ability to Maintain the
Drainage Canal

The District argues that the construction of the covering may
interfere with its ability to maintain the canal.  Specifically, the District argues that it may
need to remove and replace its “culverts.”  The District points to language in the
easement providing the District “the right from time to time to cut and remove
all trees, undergrowth, and abate other obstruction, upon said canal right of way, that may injure,
endanger, or interfere with the construction, operation, maintenance and repair
of said drainage canal.”  (Emphasis added).  The District has not produced any evidence to
show how the bridge covering would interfere with “the construction, operation,
maintenance and repair” of the drainage canal as required by the terms of the
easement.  In fact, the photographs,
provided by the District as summary judgment evidence, conclusively establish
that there is space between the preexisting cement bridge (to which the bridge
covering was attached) and the piping in the drainage ditch below.  In other words, the photos show that the
cement bridge is not attached to the piping in the drainage ditch.  

The District also suggests that the structure might interfere
with the future operation of the drainage system because the District might opt
to change the location of the culvert. 
But the District has not shown how the bridge covering might affect its
ability to move the culvert located beneath the bridge that was erected by the
District. 

The District concedes that the bridge covering has not
affected drainage, but it asserts that it may pose a drainage problem in the
future.  To this extent, Dollins’s
affidavit states:

I do not know every possible future problem that might
result from the covered bridge; but for example, it might be a drainage
problem, it might be a wedding that was planned and the District removed its
culverts before the wedding, it might be that someone was injured on the
covered bridge; the District would not want those parties to claim that somehow
the District was responsible for their problems.

 

The
statement quoted above has no evidentiary value because it is not a “statement
of fact,” but instead, is Dollins’s speculation.  See Wiggins
v. Overstreet, 962 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1998,
writ denied) (observing that when summary judgment evidence raises only mere
suspicion or surmise of fact in issue, no genuine issue of material fact exists).  




 

c.     
Benefit of the Public

The District also makes an appeal to the interest of the
public, despite its failure to put forth any evidence showing that the bridge
covering affects drainage, water flow, or flooding.  In its summary judgment response, and without
supporting allegations or facts, the District urged that “there will be injury
to the area landowners and the general public at large.”  

On appeal, the District makes a similar public interest
argument, citing authority relating to “public easements.”  However, unlike the authority cited, this
case does not involve a public dedication or an easement authorizing use by the
public.  See Marcus Cable, 90 S.W.3d at 707 (public easements are those
easements dedicated to public’s use); Grimes
v. Corpus Christi Transmission, 829 S.W.2d 335, 337 (Tex. App.—Corpus Christi
1992, writ denied) (easement granting State right-of-way for “highway
purposes”).  Furthermore, the Texas
Supreme Court has held that the interests of the public, no matter how laudable
they may be, do not warrant disregarding express easement terms to enlarge its
purpose beyond those intended by the contracting parties.  Marcus
Cable, 90 S.W.3d at 706.

The District has failed to show that the Defendants’
construction of the bridge covering violated the District’s rights as expressly
provided in the easement or those rights reasonably necessary to accomplish the
purpose of the easement, namely, “constructing, maintaining, operating,
repairing, and reconstructing a drainage canal[.]”  The District has not provided any evidence to
create a fact issue as to whether the construction of the bridge covering
infringed on its rights pursuant to the easement.  Accordingly, the record in this case warrants
summary judgment in the Defendants’ favor on the District’s claims that its
easement was violated.  Because we
conclude that the trial court could have properly granted the Defendants’
no-evidence summary judgment motion, we need not reach Defendants’ traditional
summary judgment grounds motion.

We overrule the District’s first issue. 

C.      Trespass

In its second issue, the District argues that the trial court
erred in granting summary judgment in favor of the Defendants on the “District’s
trespass claim.” 

The Defendants addressed trespass in both its traditional and
no-evidence summary judgment points. 
Under the no-evidence grounds, the Defendants argued that, to recover on
a trespass claim, the District would have to show that the Defendants made an
unauthorized entry onto property owned by the District.  The Defendants contended that the District
had no evidence that it owned the property at issue or that the Defendants made
an unauthorized entry.  Also, to the
extent that the District relied on its regulations to support the trespass
allegation, the Defendants argued in their no-evidence points that the District
had no evidence that its regulations were lawfully adopted.  

In its brief, in support of its trespass claim, the District asserts
that “Lily Gardens does not own the culvert in fee simple and the covering
constitutes a physical trespass without the District’s consent.”  The District points out that the summary
judgment record “conclusively establishes the existence of a physical structure
built by Lily Gardens upon the District’s easement,” and the District summarily
argues, “The presence of [the bridge covering] structure constitutes a trespass
as a matter of law.”  

To prevail on a trespass claim, the plaintiff has the burden
to prove (1) his right of ownership of the property or a lawful right of
possession, and (2) an entry by the defendant. 
Cain v. Rust Indus. Cleaning Servs.,
Inc., 969 S.W.2d 464, 470 (Tex. App.—Texarkana 1998, pet denied).  “Unlike
a possessory interest in land, an easement is a nonpossessory interest that authorizes its holder to use the
property for only particular purposes.”  Marcus Cable, 90 S.W.3d at 700 (emphasis
added).  “An easement does not convey title to property.”  Flynn,
228 S.W.3d at 658.  In other
words, an easement does not convey to the easement holder an ownership or possessory
interest.  See id.  Because, as a matter
of law, the District cannot establish the first element of trespass (ownership
or right of possession), its claim necessarily fails.

Lastly, the District attempts to support its trespass claim
with its own rules and regulations.  The
District asserted that the legislature authorized it to enact rules and a
permitting system and that House Bill 2959 of the 77th Texas Legislative
Session expanded the District’s ability to regulate and improve drainage and flood
prevention within the district.  See Tex. H.B. 2959, 77th Leg., R.S.
(2001) (enrolled).  The Legislature
cannot, however, change a nonpossessory easement interest into a possessory
interest or title ownership, as would be required to maintain a trespass action
against the Defendants, without compensating a private landowner.  See,
e.g., Nollan v. Ca. Coastal Com’m, 483 U.S. 825, 107 S.Ct. 3141 (1987).

Accordingly, the trial court did not err by granting summary
judgment in the Defendants’ favor on the District’s trespass claim. 

We overrule the District’s second issue.

Attorney’s Fees

          In its third issue, the District
argues that the trial court erred in awarding the Defendants attorney’s fees
for two reasons: (1) the Defendants were not entitled to fees because they were
not entitled to judgment under the Declaratory Judgments Act; and (2) the
Defendants did not timely supplement their responses to the District’s request
for production of documents regarding fees.




 

A.  
 Attorney’s Fees Under Declaratory Judgment Act

          The District argues that, “because
Lily Gardens is not entitled to judgment under the Declaratory Judgments Act,
it may not recover fees under the statute.” 
The District seems to be arguing that only a party who prevails on his
own declaratory judgment cause of action may recover attorney’s fees.  To the contrary, it is well established that   the trial court may award attorney’s fees to
any party under the Declaratory Judgment Act.

Section 37.009 of the Texas Civil Practice and Remedies Code,
addressing costs and fees under the Declaratory Judgment Act, provides, “In any
proceeding under this chapter, the court may award costs and reasonable and
necessary attorney’s fees as are equitable and just.”  Tex.
Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 2008).  The grant or denial of attorney’s fees in a
declaratory judgment action lies within the discretion of the trial court, and
its judgment will not be reversed on appeal absent a clear showing that it
abused that discretion.  Oake v. Collin County, 692 S.W.2d 454,
455 (Tex. 1985).  In the exercise of its
discretion to award attorney’s fees in declaratory judgment action, the trial
court may award attorney’s fees to the prevailing party, may decline to award
attorney’s fees to either party, or may award attorney’s fees to the
nonprevailing party, regardless of which party sought declaratory judgment.  Ochoa
v. Craig, 262 S.W.3d 29, 33 (Tex. App.—Dallas 2008, pet. denied).  Thus, contrary to the District’s assertion,
it is well established that attorney’s fees under section 37.009 are not
conditioned upon a party’s prevailing on its own declaratory claim.

The authority cited by the District does not support its
position.[6]  Because the District has not clearly
established an abuse of discretion, we may not disturb the trial court’s award.

B.      Failure
to Supplement Discovery Record

The District argues that the trial court’s award of attorney’s
fees to the Defendants was improper because the Defendants “did not timely
supplement [their] responses to the District’s request for production of
documents[.]”  Specifically, the District
alleges that the trial court should have excluded the evidence of attorney’s
fees under Texas Rule of Civil Procedure 193.6 because evidence was not timely
produced and there was no showing of good cause or a lack of unfair surprise or
prejudice.  See Tex. R. Civ. P.
193.6.

In its brief, the District fails to specify what testimony,
documents, or other evidence the trial court improperly admitted and has thus
waived this issue for improper briefing.  See Tex. R. App. P. 38.1(h); Garza v. Tex. Alcoholic Beverage Comm’n,
138 S.W.3d 609, 618 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding appellant
waived complaint that court improperly admitted testimony and documents
untimely produced or disclosed during discovery because he cited only one
example of improperly admitted evidence and otherwise failed to specify which
evidence was improperly admitted).

The District does not allege that the Defendants failed to
properly designate their counsel as an expert witness on attorney’s fees.  Rather, the District acknowledges that the
Defendants requested attorney’s fees and provided summary judgment evidence in
support of the figures claimed at that point of time.  Specifically, the Defendants provided the
affidavit of their counsel created on November 6, 2006.  The affidavit included the hourly billing
rate sought, the summary of the work performed up to that time, an opinion
regarding the reasonable and necessary cost of the services provided and the
services that would be required in the event of an appeal, and the total fees
as of that time.  The trial court granted
the Defendants’ summary judgment but left open the issue of attorney’s fees so
that a hearing could be held.  Between
the time of the Defendants motion for summary judgment on November 6, 2006 and
the hearing on attorney’s fees on April 17, 2007, the Defendants incurred
additional fees in corresponding with and addressing the issues raised by the
District.  Thus, the change to the
requested attorney’s fees was merely due to their continuation of their work on
the case to address issues raised and to prepare for the hearing on attorney’s
fees.  We cannot conclude the trial court
abused its discretion by determining that the District was not unfairly
surprised.  See Tex. R. Civ. P.
193.6(a)(2). 

We overrule the District’s third issue.

Conclusion

          We affirm the trial court’s
summary judgment.

 

 

 

 

 

                                                                   George
C. Hanks

                                                                   Justice


 

Panel
consists of Justices Alcala, Hanks, and Wilson.[7]

Justice
Wilson, dissenting.











[1]
          Prior to the trial court dismissing
the case, the Defendants nonsuited their counterclaims against the District,
and accordingly, those claims are not at issue in this appeal.





[2]
          In its brief, the District
points to this language in the order and argues that the trial court “specifically
state[d] the grounds on which [the summary judgment was] based[.]”  Citing Vannerson
v. Klevenhagen, 908 S.W.2d 37, 41 (Tex. App.—Houston [1st Dist.] 1995, writ
denied), the District argues that “Lily Gardens is limited to the rationale
enumerated by the trial court and cannot seek affirmance on other arguments.”  The authority cited by the District is misplaced.  The Texas Supreme Court has more recently
held that the Court of Appeals is not limited to the grounds enumerated in a
trial court’s order and may consider any grounds presented to the trial court
that are preserved for appellate review. 
Cincinnati Life Ins. Co. v. Cates,
927 S.W.2d 623, 626 (Tex. 1996). 
Accordingly, we need not opine on whether the statements in the order
constitute the grounds on which the trial court based its ruling.





[3]
          On appeal, the District argues
that the trial court erred in denying its motion for reconsideration that it
filed after the trial court granted summary judgment.  However, after granting summary judgment, the
trial court generally has no obligation to consider further motions on issues
adjudicated by the summary judgment.  Macy v. Waste Mgmt., Inc., 294 S.W.3d
638, 650–51 (Tex. App.—Houston [1st Dist.] 2009, pet. filed).  New arguments to defeat summary judgment
presented after the trial court has granted summary judgment do not warrant
reversal.  See id.; see also Tex. R. Civ. P. 166a(c).  Accordingly, we limit our review to those
arguments set out in the District’s summary judgment response, not those arguments
presented for the first time in the District’s motion for reconsideration or in
its appellate briefs.

 





[4]
          The absence of factual
statements and the presence of conclusory statements are both defects of
substance.  See Rizkallah v. Conner,
952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no writ).





[5]
          See Fort Bend County Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 395
(Tex. 1991)  (drawing distinction between
responsibilities with regard to easement and bridge crossing over easement in
tort case). 

 





[6]
          The District cites Cytogenix, Inc. v. Waldroff and McDowell v. McDowell for the proposition
that, because the Defendants were not entitled to judgment under the
Declaratory Judgment Act, it may not recover under Section 37.009.  Cytogenix
involved a traditional breach of contract claim in which the party was not
awarded actual damages.  See Cytogenix, 213 S.W.3d 479, 489–90
(Tex. App.—Houston
[1st Dist.] 2006, pet. denied).  Cytogenix suggested the Declaratory
Judgment Act as an alternative basis for attorney’s fees, and the Court held
that, “A party may not . . . couple a declaratory plea with a damages action
just to recover attorney’s fees.”  Id. at 490.  In McDowell,
the San Antonio Court of Appeals reversed an award of attorney’s fees where
declaratory judgment was not pled as a cause of action.  See McDowell,
143 S.W.3d 124, 131 (Tex. App.—San
Antonio 2004, pet. denied).  Both cases
are distinguishable from the present case because, here, declaratory relief was
pled and pursued as an actual theory of relief. 
Thus, neither authority supports reversal of attorney’s fees in the
present case.





[7]           The Honorable Davie L. Wilson, retired
Justice, First Court of Appeals, participating by assignment.