**Paul KUBOSH and Leonard Teamer on their Behalf and All Others Similarly Situated, Appellants,**

v.

**CITY OF HOUSTON, Appellee.**

No. 01–01–01015–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 19, 2002.

Walter J. Kronzer, III, Attorney At Law, Houston, for Appellant.

Kelly Ann Dempsey, Houston, Kevin J. Maguire, Strasburger & Price, Dallas, for Appellee.

Panel consists of Justices HEDGES, KEYES, and DUGGAN.[*]

## OPINION

LEE DUGGAN, JR., Justice (Retired).

This is the second appeal in this matter. Paul Kubosh and H. King Tieken, on behalf of themselves and all others similarly situated, initially brought a declaratory judgment action against the City of Houston ("the City") alleging the City assessed an unauthorized warrant fee. Both parties moved for summary judgment. The trial court denied plaintiffs' motion and granted the City's motion. We affirmed in part and reversed and remanded in part.[1] Plaintiff H. King Tieken subsequently dismissed all claims, and a new plaintiff, Leonard Teamer, joined the suit. The City again moved for summary judgment on July 5, 2001, and the trial court granted the City's motion on August 8, 2001. In their sole point of error, appellants contend the trial court erred in rendering summary judgment in the City's favor. We affirm.

## Factual and Procedural History

Appellants sued the City seeking declaratory and injunctive relief, class certification, the return of all fees paid, attorney's fees, and costs. They alleged the City was charging a $35 warrant fee that was not authorized by any statute. They argued that, although the Code of Criminal Procedure authorizes the imposition of the warrant fee at the time of conviction, the City had charged them a warrant fee even though they were not convicted.

The City answered and moved for summary judgment on the basis that it was not liable because (1) appellants' claims were barred by the statute of limitations; (2) the City was shielded from liability under the doctrines of sovereign immunity, governmental immunity, and judicial immunity; (3) appellants' claims were moot; and (4) the City had no duty to refund the fees because appellants did not pursue other remedies before filing their declaratory judgment action.

Appellants moved for partial summary judgment on the basis that (1) the City unlawfully charged a $35 warrant fee, (2) the Uniform Declaratory Judgment Act[2] provided for attorney's fees, (3) the City was not entitled to any affirmative defenses, and (4) appellants did not fail to provide proper notice.

The trial court denied appellants' motion and granted the City's. On appeal, we affirmed the denial of appellants' partial motion for summary judgment, we reversed the rendition of summary judgment for the City, and remanded the cause to the trial court.

---

[*] The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. *Kubosh v. City of Houston,* 2 S.W.3d 463 (Tex.App.-Houston [1st Dist.] 1999, pet. denied).

2. TEX. CIV. PRAC. & REM.CODE ANN. § 37 (Vernon 1997).

After the case was remanded, Leonard Teamer joined as a party plaintiff, while H. King Tieken dismissed all claims. Appellants filed a "Plaintiffs' Fourth Amended Class Action Petition" seeking declaratory and injunctive relief, class certification, the return of all fees paid, attorney's fees, and costs. The City moved for summary judgment on the basis that appellants' claims were barred by the statute of limitations. The trial court granted the City's motion.

## Summary Judgment Standard of Review

In reviewing a summary judgment, we take the evidence favorable to the non-movant as true and indulge every reasonable inference in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). We will affirm the summary judgment if the motion for summary judgment includes any valid ground for rendering summary judgment and the movant preserved that ground for appellate review. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex.1996). Summary judgment for the defendant is proper when the proof shows that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990).

A defendant may show entitlement to summary judgment by conclusively proving all elements of an affirmative defense. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

## The City's Motion for Summary Judgment

In their sole issue, appellants contend the trial court erred in rendering summary judgment for the City because a genuine issue of material fact exists as to the accrual date for Teamer's cause of action.

Alternatively, appellants assert that Teamer's accrual date runs from the ticket's dismissal date.

In their Fourth Amended Class Action Petition, appellants and all others similarly situated sued the City seeking declaratory and injunctive relief, class certification, the return of all fees paid, attorney's fees, and costs. They asserted the City was charging a $35 warrant fee that was not authorized by any statute. They asserted that, although Article 102.011 of the Code of Criminal Procedure authorizes the imposition of a warrant fee at the time of conviction, the City had charged them a warrant fee even though they were not convicted. Appellants also asserted that the statute of limitations should be tolled to the date that they discovered or should have discovered that the warrant fee was illegally collected.

The City filed a motion for summary judgment, arguing that appellants' claims were barred by the statute of limitations and that the discovery rule does not apply.

The issue to be decided here is the accrual date for a cause of action for an illegally collected warrant fee.

### 1. Statute of Limitations

As we stated in our prior opinion in this case, the applicable limitations period is two years. *Kubosh v. City of Houston*, 2 S.W.3d 463, 471 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). Suits for the conversion of personal property and the taking or detaining of personal property are governed by a two-year statute of limitations. *Id.*; Tex. Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon 1986). Texas courts have applied this provision to claims against county governments and officials for repayment of fees and fines. *Id.* (citing *Camacho v. Samaniego*, 954 S.W.2d 811, 827 (Tex.App.-El Paso 1997, writ denied)).

### 2. Accrual Date

Appellants contend the accrual date should run from the dismissal date or from the date of an adjudication of guilt or innocence. Appellants assert this Court's prior decision established that the adjudication date was .the accrual date, or that the accrual date runs from the dismissal date because the illegal act is not complete until there is a dismissal or an adjudication of innocence. We disagree.

■ Appellants cite from our earlier opinion in support of their claim that our decision established the adjudication date as the accrual date:

> The City argued that Kubosh's claim was barred by limitations because he filed suit on April 7, 1998, nearly three in [sic] a half years after his claim *accrued* on November 29, 1994. In support, the City attached documentation showing Kubosh paid a $25.00 warrant fee on October 3, 1994, and his failure to appear charge was dismissed on November 29, 1994.

*Kubosh,* 2 S.W.3d at 467 (emphasis added). Appellants have misconstrued this statement. This Court was merely discussing the City's arguments, as it had also discussed appellants' arguments. This statement did not establish the adjudication date as the accrual date.

Appellants also argue that, if the previous opinion did not answer the question, then the accrual date should run from when a ticket was dismissed or there was an adjudication of innocence because the illegal act is not complete until that time. Appellants do not cite any cases in support of this argument, and we find to the contrary.

The Texas Supreme Court recently announced a new rule in a similar case where the county had assessed illegal bond service charge fees to bail bond companies. *Lubbock County, Texas v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 581, 585 (Tex.2002). In cases in which a party seeks reimbursement from a county for unauthorized charges, the cause of action accrues when payment is made because that is when the injury occurs. *Id.* at 585. Therefore, appellants' causes of action began accruing on the date when payment of the warrant fee was made.

### 3. Did the City prove when appellants' cause of action accrued?

■ As this court has previously stated, in order to show entitlement to summary judgment on a statute of limitations defense, the movant must prove when the cause of action accrued. *Kubosh,* 2 S.W.3d 463 at 468. In its motion for summary judgment, the City asserted that appellants' cause of action began accruing when payment was made. The City asserted that Kubosh's fees were issued and paid in October, 1994. In support of this, the City refers to Kubosh's deposition testimony where Kubosh admits that such fee was paid in October, 1994. Further, Plaintiffs' Fourth Amended Class Action Petition states that "Plaintiff, Paul Kubosh paid an illegal warrant fee on or about October 3, 1994...." Teamer testified in his deposition that he did not know when the fees were paid, but stated that his attorney, Kubosh, paid the fees for him. The City's motion asserts that according to Kubosh's deposition, Kubosh testified that he believed Teamer's warrant fees were incurred and paid in November, 1995. Further, Plaintiffs' Fourth Amended Class Action Petition states that "Plaintiff, Leonard Teamer paid an illegal warrant fee on or about November 17, 1995...." This suit was not filed until April 7, 1998. Therefore, the statute of limitations had already run on both appellants' causes of action. We find that the City met its burden of proof as to when

the cause of action accrued for each appellant.

### Conclusion

We affirm the trial court's judgment.