

# NUMBER 13-18-00328-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DANIS TUCKER AND
BEVERLY TUCKER,                                                    Appellants,

v.

CITY OF CORPUS CHRISTI, TEXAS,                                     Appellee.

### On appeal from the 28th District Court
### of Nueces County, Texas.

# OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Opinion by Justice Hinojosa

Appellants Danis and Beverly Tucker (the Tuckers) sued appellee the City of

Corpus Christi (the City) alleging that the City improperly seized their antique automobiles

pursuant to the City's junked vehicles ordinance. The Tuckers appeal the trial court's

order granting the City's plea to the jurisdiction and dismissing their claims. By one issue, the Tuckers argue the trial court erred in concluding that their takings claim was barred by a two-year statute of limitations. We affirm.

## I. BACKGROUND

On August 5, 2013, a City municipal court judge ordered that four vehicles located on the Tuckers' residential property be seized and disposed of pursuant to the City's junked vehicles ordinance. The Tuckers have twice sued the City, contending that the vehicles were antique automobiles that were not subject to seizure under the City's ordinance.[1] The trial court dismissed the first lawsuit, filed on August 5, 2015, for want of prosecution.[2] The Tuckers filed the instant lawsuit on August 4, 2017, alleging causes of action for conversion, trespassing, invasion of privacy, due process violations, fraudulent misrepresentation of the City's municipal code, and the taking of personal property without just compensation in violation of the Texas Constitution.[3]

---

[1] The Texas Transportation Code defines a "junked vehicle" as a vehicle that "(1) is self-propelled; and (2) is: (A) wrecked, dismantled or partially dismantled, or discarded; or (B) inoperable and has remained inoperable for more than . . . 20 consecutive days, if the vehicle is on private property." TEX. TRANSP. CODE ANN. § 683.071(a). A junked vehicle that is visible at any time of year from a public place or public right-of-way is considered a public nuisance. *Id*. § 683.072. The Transportation Code authorizes a municipality to adopt procedures for the abatement and removal of junked vehicles from private property as a public nuisance. *Id*. § 683.074. The City of Corpus Christi has adopted such an ordinance. *See* CORPUS CHRISTI, TEX., CODE OF ORDINANCES ch. 13, art. II, div. 2 (2020).

[2] The trial court cause number for the initial lawsuit is 2015DCV-3532-H. The record in that case is not before this Court. However, the City attached the trial court's judgment dismissing the case as an exhibit to its plea to the jurisdiction.

[3] The Tuckers subsequently filed a first and second amended petition. We reference the facts as alleged in their live pleading.

The City filed a plea to jurisdiction arguing that the Tuckers' pleadings did not affirmatively demonstrate the trial court's subject matter jurisdiction over the asserted claims. The City alleged that the Tuckers' claims were barred by the applicable two-year statute of limitations. It noted that while the first lawsuit may have been timely filed, the second suit was untimely because a suit dismissed for want of prosecution does not toll the limitations period. The City further argued that it retained governmental immunity for the Tuckers' intentional tort claims.[4]

Following a non-evidentiary hearing, the trial court signed an order granting the City's plea to the jurisdiction. The Tuckers filed the instant appeal, challenging only the dismissal of their takings claim.[5] We abated the case and ordered the parties to file supplemental briefing concerning whether compliance with the applicable statute of limitations was a jurisdictional requirement that could be raised in a plea to the jurisdiction. *See* TEX. R. APP. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe."). The parties have filed their supplemental briefs, and we have reinstated the appeal.

## II.  DISCUSSION

In their sole issue, the Tuckers argue that the trial court erred in dismissing their takings claim because their suit was filed within the applicable limitations period.

---

[4] The Tuckers contend that they filed a response to the plea to the jurisdiction, but no response appears in the appellate record.

[5] The Tuckers were represented by counsel at various stages of this lawsuit, but they proceed pro se in this appeal.

**A.      Standard of Review**

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We review de novo a trial court's ruling on a challenge to its subject matter jurisdiction. *Id*. at 228. When, as in this case, a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 927 (Tex. 2015); *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Ryder*, 453 S.W.3d at 927. Where the pleadings generate a fact question regarding the jurisdictional issue, a court cannot sustain the plea to the jurisdiction. *Id*.

**B.      Jurisdictional Prerequisite to Suit**

Because a plea to the jurisdiction challenges the trial court's subject matter jurisdiction, we must first address whether compliance with the applicable limitations period for a takings claim is a jurisdictional requirement for suits against a governmental entity. This question is an issue of first impression that is necessary to our consideration of this appeal.

Limitations is generally classified as an affirmative defense and is not jurisdictional in nature. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010). However,

4

§ 311.034 of the government code provides that "statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034. The Texas Supreme Court has explained that "a statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit) is jurisdictional when the defendant is a governmental entity." *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012). *Chatha* established a three-step test to determine whether a condition set by statute is a jurisdictional "prerequisite to suit." *Id*. First, the "prerequisite must be found in the relevant statutory language." *Id*. at 512. "Second, the prerequisite must be a requirement." *Id*. "And finally, the term 'pre' indicates the requirement must be met before the lawsuit is filed." *Id*.

In *Chatha*, the Texas Supreme Court held that the timely filing of a lawsuit under the Texas Commission on Human Rights Act is a jurisdictional requirement when the defendant is a governmental entity. *Id*. at 514. Post *Chatha*, several Texas courts have concluded that various statutes of limitations are a jurisdictional requirement in suits brought against a governmental defendant. *See AC Interests, L.P. v. Tex. Comm'n on Envtl. Quality*, 543 S.W.3d 703, 709 (Tex. 2018) (concluding that a statute requiring a party to file a petition within thirty days of an adverse ruling by the Texas Commission on Environmental Quality was jurisdictional); *Crockett County v. Klassen Energy, Inc.*, 463 S.W.3d 908, 912 (Tex. App.—El Paso 2015, no pet.) (concluding that the two-year statute of limitations for a suit challenging a county's order closing a public road is a jurisdictional

5

requirement); *Stoker v. TWC Comm'rs*, 402 S.W.3d 926, 929 (Tex. App.—Dallas 2013, no pet.) (holding that the fourteen-day filing deadline for a plaintiff to file suit seeking judicial review of a Texas Employment Commission decision is a jurisdictional requirement); *see also San Jacinto River Auth. v. Paxton*, No. 03-18-00547-CV, 2019 WL 3952829, at *3 (Tex. App.—Austin Aug. 22, 2019, no pet.) (mem. op.) (concluding that the Public Information Act requirement that a party file suit seeking declaratory relief within thirty days of receiving an attorney general decision was jurisdictional).

For reasons that we discuss below, the Tuckers' takings claim is governed by § 16.003 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. That section provides:

> [A] person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

*Id*. The two-year limitations period is a statutory requirement that must be met before suit is filed. *See Chatha*, 381 S.W.3d at 515. In accordance with *Chatha* and its progeny, we conclude that complying with § 16.003 is a jurisdictional requirement for claims brought against a governmental entity. *See id*.

## C.      Limitations

The Tuckers argue that their takings claim is governed by a ten-year statute of limitations; therefore, their suit was timely filed.[6] The City responds that the Tuckers'

---

[6] The Texas Constitution provides that "[n]o person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made[.]" TEX. CONST. art. 1,

6

claim, which concerns personal property, is governed by a two-year limitations period. We agree with the City.

The limitation period for a takings claim depends on the nature of the property at issue and the damages alleged. A takings claim premised on a governmental entity's taking of real property is governed by the ten-year limitations period to acquire land by adverse possession. *City of Justin v. Rimrock Enters., Inc.*, 466 S.W.3d 269, 279 (Tex. App.—Fort Worth 2015, pet. denied); *Trail Enters., Inc. v. City of Houston*, 957 S.W.2d 625, 631 (Tex. App.—Houston [14th Dist.] 1997, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 16.026. However, claims premised on a governmental entity damaging real or personal property or taking personal property are governed by the two-year statute of limitations found in § 16.003 of the civil practice and remedies code. *See Lowenberg v. City of Dallas*, 168 S.W.3d 800, 802 (Tex. 2005) (applying two-year statute of limitations to takings claim seeking refund of an illegal fee assessed by the City of Dallas); *Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex. 2002) (holding that a suit for refund of bail bond fees assessed by a county without statutory authority was governed by the two-year statute of limitations applicable to suits for the taking of personal property); *Kubosh v. City of Houston*, 96 S.W.3d 606, 608 (Tex. App.—Houston [1st Dist.]

---

§ 17. "The [Texas] Constitution itself is the authorization for compensation for the destruction of property and is a waiver of governmental immunity for the taking, damaging or destruction of property for public use." *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980). As the City notes in its brief, "the government commits no taking when it abates what is, in fact, a public nuisance." *City of Dallas v. Stewart*, 361 S.W.3d 562, 569 (Tex. 2012) (citing *City of Texarkana v. Reagan*, 112 Tex. 317, 247 S.W. 816, 817 (1923)). Thus, a finding that property is a public nuisance will generally be dispositive of a "takings" claim. *Id*. However, the City explains in its brief that its jurisdictional challenge to the Tuckers' takings claim "has thus far concentrated on fact that the pleadings affirmatively demonstrate such claim, if valid, is barred by the applicable statute of limitations."

2002, pet. denied) ("Suits for the conversion of personal property and the taking or detaining of personal property are governed by a two-year statute of limitations."); *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 823 (Tex. App.—Corpus Christi–Edinburg 1978, writ ref'd n.r.e.) (distinguishing ten-year limitations period from two-year period in the context of a takings claim); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. The Tuckers' takings claim concerns automobiles, which is personal property. *See* 8 Tex. Jur. 3d AUTOMOBILES § 181 ("An automobile or other motor vehicle is a form of personal property."). Therefore, it is governed by a two-year statute of limitations.

"The statute of limitations begins to run when a claim accrues." *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 144 (Tex. 2019). The Tuckers' pleadings establish their claim accrued on August 5, 2013, when their vehicles were seized pursuant to the City's junked vehicles ordinance. *See Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011) ("Causes of action accrue and statutes of limitations begin to run when facts come into existence that authorize a claimant to seek a judicial remedy."). The Tuckers' earlier lawsuit, which was dismissed for want of prosecution, did not toll the limitations period. *See TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 77 n.3 (Tex. App.—Dallas 2014, pet. denied) ("A dismissal of a suit without prejudice does not generally toll limitations."); *Cronen v. City of Pasadena*, 835 S.W.2d 206, 210 (Tex. App.—Houston [1st Dist.] 1992, no writ) ("When a case is dismissed and refiled, limitations run from the time the cause of action accrued until the date of the refiling."), *disapproved of on other grounds by Lewis v. Blake*, 876 S.W.2d 314

8

(Tex. 1994). The instant lawsuit was filed on August 4, 2017, almost four years after the alleged taking and well outside of the applicable two-year limitations. We conclude that the Tuckers' pleadings affirmatively establish that the Tuckers failed to comply with a statutory prerequisite to suit, thereby negating jurisdiction. *See Ryder*, 453 S.W.3d at 927. Therefore, the trial court did not err in granting the City's plea to the jurisdiction.[7] We overrule the Tuckers' sole issue.

### III.  CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed the
27th day of February, 2020.

---

[7] Because the Tuckers' pleadings affirmatively negate jurisdiction over their takings claim, they are not entitled to an opportunity to amend their pleadings to cure this jurisdictional defect. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) ("[A] pleader must be given an opportunity to amend in response to a plea to the jurisdiction only if it is possible to cure the pleading defect.").